Gregory W. MINTON, Petitioner,

v.

**CHARACTER AND FITNESS COMMIT-
TEE OF THE KENTUCKY BOARD OF
BAR EXAMINERS, Respondent.**

No. 98–SC–335–OA.

Supreme Court of Kentucky.

Nov. 19, 1998.

Gregory W. Minton, Paducah, for Movant.

Grant M. Helman, Karen Caldwell, Ronald M. Hayes, Character and Fitness Committee, Kentucky Board of Bar Examiners, Lexington, for Respondent.

LAMBERT, Chief Justice.

This is an original action for review of a decision of the Character and Fitness Committee approved by this Court's Chief Justice whereby petitioner was denied reciprocity admission to the bar of the Commonwealth of Kentucky. SCR 2.060. The facts are undisputed and application of SCR 2.110 is likewise not in doubt. Under the facts and the applicable rule, petitioner is not entitled to admission without examination to the bar of the Commonwealth of Kentucky.

Petitioner seeks admission to the Kentucky Bar, however, based on the contention that SCR 2.110 is not "rationally related" to a legitimate state interest, and thus violates the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States. He points to his membership in the state bar of Tennessee and the state bar of Louisiana and contends that this Commonwealth has no basis upon which to prevent his admission to the Kentucky Bar without examination. Parenthetically, it should be noted that petitioner has an insufficient duration of Tennessee practice to qualify for reciprocity, and that Kentucky has no reciprocity agreement with Louisiana.

Kentucky has a legitimate state interest in assuring the competency of legal practitioners. *See Schware v. Board of Bar Examiners of New Mexico*, 353 U.S. 232, 239, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957)(states have broad power to establish licensing standards for lawyers since lawyers have historically been "officers of the court"); *Hawkins v. Moss*, 503 F.2d 1171 (4th Cir.1974)(state courts have a "substantial interest" in establishing their own rules of qualification for the practice of law within their jurisdiction). Toward this end, persons seeking admission to the Kentucky Bar are required to successfully complete an examination or otherwise demonstrate their qualifications to practice law, such as, by duration of practice in a state that has a reciprocity agreement with Kentucky.

The requirement of a reciprocity agreement is not arbitrary, but is rationally

related to this Commonwealth's interest in upholding the licensing standards of its legal practitioners. A reciprocity agreement is founded upon comity, and the essence of comity is a relationship of mutual trust and confidence. In establishing such reciprocity agreements, states mutually determine that the standards of each are sufficient to meet the standards of the other. They rely on the determinations of one another. Where such an agreement exists, providing other requirements are met, persons may gain membership without examination based on the recognition by the admitting state that the state of current bar membership has adequately determined fitness to practice law. Such an agreement assures states that their standards for bar membership have been met.

Petitioner's motion and the response from the Character and Fitness Committee are before us. These filings strongly suggest that we are entitled to uphold the validity of our rule and affirm denial of the motion for admission to the Kentucky Bar. The simple fact is petitioner does not meet the standards of SCR 2.110(5)(b), which require that the state upon which the reciprocity claim is based have a reciprocity agreement with Kentucky. Petitioner's filing is based upon his membership in the Bar of the State of Louisiana. There is no such agreement between Kentucky and Louisiana, and Kentucky cannot therefore be assured that its standards for bar membership have been satisfied.

For the foregoing reasons, we affirm the decision of the Character and Fitness Committee of the Kentucky Bar Association and deny petitioner's motion for admission to the Kentucky Bar without examination.

All concur.