TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

2017-SC-000388-KB

DATE 11/14/17 Kim Redmon, DC

NANCY OLIVER ROBERTS                                    MOVANT


V.                          IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                               RESPONDENT


## OPINION AND ORDER


This matter is before the Court upon review of the application of attorney

Nancy Oliver Roberts for reinstatement to the practice of law following a

disciplinary suspension of 61 days imposed by this Court in *KBA v. Roberts*,

431 S.W.3d 400 (Ky. 2014). No objection has been made to her reinstatement;

however, the Kentucky Bar Association (KBA) Office of Bar Counsel (Bar

Counsel)[1] objects to the KBA Board of Governors' (the Board) recommendation

that Roberts be excused from paying the costs incurred by the KBA for the

reinstatement proceedings. Bar Counsel claims that the Board's

recommendation with respect to the waiver of costs exceeds its authority under

---

[1] In the brief filed with this Court the Office of Bar Counsel refers to itself as
"the KBA." However, this is inaccurate nomenclature; the Office of Bar Counsel is but
one arm of the Kentucky Bar Association.

the relevant Supreme Court Rules and that its reason for the recommendation is contrary to the Supreme Court Rules and existing case law.

For the reasons explained below, we accept the Board's recommendation for Roberts' reinstatement to the practice of law, including its recommendation that Roberts be exempted from paying the costs of these proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Roberts was admitted to practice law in Kentucky in November 1988. Her disciplinary record includes a private admonition in 1993 for not having a written contingency fee agreement and a private admonition in 2001 for engaging in ex parte communications with a judge. On December 16, 2009, opposing counsel in a probate case filed a bar complaint against Roberts. *See* KBA File 18336. For reasons not pertinent here, that matter was placed in abeyance and no formal charge was ever issued by the Inquiry Commission. This 2009 complaint, held in abeyance, would later cause a substantial delay in Roberts' current effort to be reinstated, and that delay is a crucial factor motivating the Board's recommendation to exempt Roberts from paying the costs related to her reinstatement. In 2014, we found Roberts guilty on two disciplinary charges (KBA File 17411) for which we ordered her to serve a 61-day suspension from the practice of law. *Roberts*, 431 S.W.3d 400.

Following her suspension, Roberts undertook all appropriate steps and paid the assessed KBA costs, covered the business sign outside her office, notified the necessary courts and clients of her suspension, and obtained the appropriate CLE filing certification for her reinstatement. By operation of the

2

relevant Supreme Court Rules, Roberts was entitled to automatic reinstatement of the privilege of practicing law on May 30, 2014, *unless* Bar Counsel interposed an objection to reinstatement. *See* SCR 3.510(2).

On April 30, 2014, Roberts submitted to the KBA an Affidavit for Reinstatement and Compliance pursuant to SCR 3.510(2). The Office of Bar Counsel filed an objection to Roberts' reinstatement on May 19, 2014. SCR 3.510(2) requires that Bar Counsel, when objecting to reinstatement, must detail "such information as may exist to indicate that the member does not, at that time, possess sufficient professional capabilities and qualifications properly to serve the public as an active practitioner or is not of good moral character." As grounds for its objection, Bar Counsel stated: "Respondent is the subject of pending discipline. Therefore, the Kentucky Bar Association objects to any automatic reinstatement of the Respondent, as she does not at this time possess sufficient professional capabilities and qualifications to properly serve the public as a practitioner." No other details were stated. The only "pending" matter was the 2009 complaint, KBA File 18336, being held in abeyance. On April 11, 2014, three weeks into Roberts' service of the 61-day suspension, Bar Counsel moved to resume action on KBA File 18336. The Inquiry Commission formally removed File 18336 from abeyance on April 24, 2014.

In response to Bar Counsel's formal objection to her reinstatement, Roberts filed a number of pleadings seeking to allow the reinstatement process to proceed, despite the resurrection of the 2009 complaint. Nevertheless, the

3

matter remained unresolved, and Roberts remained suspended beyond the time allowed for her automatic reinstatement pursuant to SCR 3.510(2). With the door to automatic reinstatement closed and nearly four months after her 61-day suspension was to end, Roberts filed her application for formal reinstatement in September 2014. As required by our rules, her application was referred for review by the Character and Fitness Committee.

On December 23, 2014, the Inquiry Commission issued another complaint against Roberts, KBA File 23235. The underpinning for this complaint was that Roberts had accompanied another attorney to various court proceedings, suggesting that Roberts was engaged in the unauthorized practice of law during this extension of her suspension. Roberts denied that she had engaged in the practice of law, pointing out that she attended court proceedings as a non-attorney Social Security Administration representative. On September 16, 2015, the Inquiry Commission dismissed the complaint and closed KBA File 23235 without the imposition of any discipline against Roberts. On September 25, 2015, the 2009 bar complaint used to bar Roberts' automatic reinstatement to the practice of law, and nearly six years after KBA File 18336 filing, was resolved with a private admonition for a violation of SCR 3.130(1.1) (an attorney shall provide competent representation).

Meanwhile, the 61-day suspension, deemed by this Court as proper punishment for Roberts' transgression in KBA File 17411, was well into its eighteenth month, with Roberts' application for reinstatement awaiting approval of the Character and Fitness Committee. Unfortunately, the

4

Character and Fitness Committee was not informed that there was no longer a disciplinary matter pending so that her application for reinstatement could proceed.

Eventually, at Roberts' request, the Character and Fitness Committee held a hearing on her Application for Reinstatement in January 2017. The Committee concluded that Roberts had met all necessary prerequisites and qualifications for reinstatement; and it recommended to the Board of Governors the approval of Roberts' application for reinstatement. Bar Counsel did not challenge that recommendation.

On May 19, 2017, the Board issued its Findings of Fact, Conclusions of Law, and Recommendation accepting the Committee's recommendation that Roberts be reinstated to the practice of law in Kentucky, subject to her attendance at the KBA's Ethics and Professionalism Enhancement Program. By a vote of 11 to 6, the Board requested that Roberts be required to pay "no costs pursuant to SCR 3.510(1) in light of the substantial delays in processing her application due to the placement of KBA File 18336 in abeyance over Mrs. Roberts' objection." The six members voting against the request called "instead for Mrs. Roberts to be allocated only half of the costs of the proceedings." The Board also recommended that Roberts be highly encouraged to seek out one or more practice mentors. The only issue before us in this review is Bar Counsel's challenge to the Board's recommendation that Roberts not be assessed costs in connection with her reinstatement.

5

## II. ANALYSIS

Bar Counsel agrees with all recommendations of the Board except the waiver of the assessment of costs. Bar Counsel contends that an exemption from the payment of costs is not authorized by the applicable Supreme Court Rules. Specifically, Bar Counsel relies upon SCR 3.510(1) which states, in pertinent part:

> The Director shall not accept an application for filing unless all costs incurred in the suspension proceeding have been paid by the former member, the Office of Bar Counsel has certified to the Applicant that there is no pending disciplinary file, and the costs in the reinstatement proceeding (whether costs of the Association or of the Character and Fitness Committee or of the Kentucky Office of Bar Admissions) have been secured by the posting of a cash bond of $2500.00. *Any additional costs will be paid by Applicant.*

(Emphasis added.)

Roberts paid in advance the fees required to initiate the reapplication process and she posted the bond required to cover additional costs up to $2500.00. The only costs at stake here are the unpaid costs ordinarily taken from the bond and the additional costs not covered by the bond.

Bar Counsel argues that nothing in the SCR 3.510(1) implies that the payment of costs is discretionary. In effect, Bar Counsel argues that the phrase, "costs will be paid by Applicant," is a command from which this Court has left itself no discretion to deviate even when fairness and justice demand otherwise. We disagree. We interpret our Supreme Court Rules in accordance with their plain language. *Sturgeon v. Commonwealth*, 521 S.W.3d 189, 193 (Ky. 2017).

6

We do not construe the phrase "[a]ny additional costs *will* be paid by Applicant" as equivalent to "any additional costs *shall* be paid by Applicant." The word "shall," of course, denotes a mandate.[2] SCR 3.510(1), however, uses the term "will," which *Merriam-Webster* defines in a number of contexts,[3] including as an auxiliary verb used: (1) "to express desire, choice, willingness, consent;" (2) "to express frequent, customary, or habitual action or natural tendency or disposition;" and (3) "to express futurity."

In context, SCR 3.510(1)'s use of "will" connotes the customary and habitual future disposition of the payment of costs. That is, in the usual course of events, we expect the applicant for reinstatement to pay the costs attributable to the reinstatement process, and the applicant should expect the same. The rule does not negate the possibility that circumstances will compel a deviation from that expectation, and so we confirm now that this Court retains the discretion to depart from the customary directive for allocating costs when fairness and justice so require.

Bar Counsel also contends that the Board "acted outside the scope of its authority" in violation of SCR 3.510(3) when it requested Roberts' exemption from costs. SCR 3.510(3) provides, in relevant part, "The Board shall review

_____

[2] "In common or ordinary parlance, and in its ordinary signification, the term 'shall' is a word of command and . . . must be given a compulsory meaning." Black's Law Dictionary 1233 (5th ed. 1979). "Shall means shall." *Vandertoll v. Commonwealth*, 110 S.W.3d 789, 796 (Ky. 2003); *Hazard Coal Corp. v. Knight*, 325 S.W.3d 290, 296 (Ky. 2010) (quoting *id.*).

[3] https://www.merriam-webster.com/dictionary/will.

7

the record, report and briefs and recommend approval or disapproval of the application [for reinstatement] to the Court."

We do not agree with Bar Counsel's interpretation of the above rule. We read nothing into the rule that constrains the Board to *only* recommending the approval or rejection of an application for reinstatement. The Kentucky Bar Association is the organization established by rule of this Court to carry out its constitutional mandate to "govern admission to the bar and the discipline of members of the bar." Ky. Const. § 116; *accord* KRS 21A.160. The Board of Governors of the Kentucky Bar Association is essential to our function of governing the bar of this state, and we welcome the input of that body. The Board's recommendations relevant to the just disposition of disciplinary matters can assist the Court in determining the appropriate resolution to such matters.

We make no findings, and we reach no conclusions suggesting that Bar Counsel acted improperly or otherwise acted in bad faith in opposing Roberts' automatic reinstatement. Nevertheless, it cannot be denied that Roberts' reinstatement following a 61-day suspension took far too long. The extent to which fault for that rests with a particular department of the KBA, the Office of Bar Admissions, this Court's rules, or with Roberts herself, is a matter we do not address herein.

### III. DISPOSITION

We agree with and accordingly accept, the Board of Governors' recommendation that Nancy Oliver Roberts' Application for Reinstatement to

8

the practice of law be approved. Due to the extenuating circumstances described above, we find it appropriate in the exercise of our discretion to grant the Board's request to exempt Roberts from the payment of additional costs incurred by the KBA in her reinstatement process.

It is therefore ORDERED:

1. Nancy Oliver Roberts' Application for Reinstatement to the Kentucky Bar Association is approved pursuant to SCR 3.510, subject to paragraph 3 below.

2. Roberts is encouraged to seek out one or more practice mentors.

3. If she has not already done so, Roberts shall commence her attendance and active participation in the KBA's Ethics and Professionalism Enhancement Program.

4. No additional costs shall be assessed against Roberts for this proceeding and the $2500 bond posted by Roberts in conjunction with her Application for Reinstatement shall be refunded in full upon the finality of this Order.

Cunningham, Hughes, Keller, VanMeter, Venters, and Wright, JJ., concur. Minton, C.J., not sitting.


ENTERED: November 2, 2017.

DEPUTY CHIEF JUSTICE

9