TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0567-OA

TIMOTHY POOLE                                                    PETITIONER


V.                              IN SUPREME COURT


VALETTA BROWNE                                              RESPONDENT

AND

KENTUCKY OFFICE OF BAR                    REAL PARTY IN INTEREST/
ADMISSIONS                                                          APPELLEE


**OPINION AND ORDER**

**DENYING PETITION FOR RELIEF**

After unsuccessfully attempting to pass the Kentucky Bar Examination on five separate occasions and being precluded from attempting to take the exam again pursuant to Kentucky Rules of the Supreme Court (SCR) 2.080(4), Timothy Poole initiated an original action in this Court.

In his petition, Poole asserts that Kentucky Office of Bar Admissions (KYOBA) and Valetta Browne, Executive Director of the KYOBA, "denied his accommodations" which caused him to fail the bar exams and caused him injury. Poole requests either admission to the Kentucky Bar Association retroactive to November 30, 2020, or the ability to retake the exam with "all of his accommodations."

Having reviewed Poole's petition, our rules governing admission to the bar, Poole's interactions with the KYOBA while seeking admission, and the accommodation offered by the KYOBA, we have determined that Poole was afforded appropriate accommodation and given every proper opportunity to apply for, sit for, and pass, the Kentucky Bar Exam and deny him the relief he requests.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Poole graduated from the Southern Illinois University School of Law in 2020. According to Poole, he was afforded a number of accommodations in law school including "a private room, voice software, and double time."

Poole began the admission process to the Kentucky Bar during the COVID pandemic. Kentucky generally administers its bar examinations biannually in July and in February. However, on March 6, 2020,[1] Governor Beshear declared a state of emergency which ultimately led this Court to cancel and reschedule bar exams in 2020.

On April 30, 2020, Poole emailed the KYOBA to inquire about Non-Standard Testing (NST) accommodations which are addressed in SCR 2.082 for the then scheduled July exam. By that time however, he had missed the deadline for completing his NST Application for the July Exam. On May 13, 2020, Poole asked if he could complete a late NST application for the July exam, stating "I already have the supporting evidence for my accommodations

---

[1] Executive Order 2020-215; March 6, 2020.

and had completed most of the application." By that date, this Court had entered an Order[2] which scheduled a Fall bar examination to be conducted on September 30th and October 1st in addition to the July exam. That same day, Poole was informed it was too late for him to submit an NST application for the July exam but was informed of this Court's Order regarding the September exam and further informed that the NST application deadline was June 1, 2020.

That same day, May 13, 2020, Poole informed the KYOBA that he had attempted to complete the NST application, but it only had boxes to select options for July and February with no September offering. That same day, the KYOBA contacted the contractor responsible for the application software and resolved the application issue on May 14, 2020, by adding a box for the September exam on the NST application. Poole was informed of the correction the next day.

Despite the foregoing, Poole did not complete the NST application. Instead, Poole only completed the standard application which informed applicants of the ability to request NST accommodations and the process for doing so. Poole's petition fails to state why he did not make a timely application for NST accommodations for the September exam despite the fact he had previously represented to the KYOBA that he had the materials necessary to do so.

---

[2] Supreme Court Order 2020-35; May 11, 2020.

Because of ongoing concerns with the COVID pandemic, on July 9, 2020, this Court cancelled the July and September exams replacing both exams with a remote bar exam offered by the National Conference of Bar Examiners which would take place on October 5th and 6th.[3] Poole sat for the October exam without having submitted an NST application or otherwise requesting accommodation.

On November 30, 2020, Poole along with seventeen other applicants received incorrect bar exam results for the October exam. In Poole's case, he was told he had passed the bar exam. Three days later, the KYOBA, notified him that, due to a data entry error, his exam result notification was erroneous, and that he had not passed the bar examination. While Poole asks this Court to issue him a license retroactive to November 30, 2020, he gives us no rationale for doing so. We are aware of no reason to doubt the scoring ultimately, and correctly, attributed to Poole from the November exam.

In April 2021, Poole, through counsel, filed a complaint in Fayette Circuit Court, alleging Browne had negligently performed her duties [regarding the October 2020 exam] and had caused him damages for "emotional duress and suffering, loss of employment opportunities, loss of income, humiliation, embarrassment, out of pocket expenses [and] other damages[.]" That complaint was eventually dismissed.[4]

---

[3] Supreme Court Order 2020-50; July 9, 2020.

[4] The matter ultimately reached this Court and we determined that individuals, like Browne, who serve in a judicial capacity are immune from any and all civil liability

Poole next applied for the February 2021 examination. Once again, he did not submit an NST application and acknowledged on the standard application that he was not seeking accommodation(s). Poole failed the February 2021 exam.

Poole then applied for the July 2021 examination. For the first time, Poole submitted an NST application requesting extra time and a reduced-distraction environment. By letter dated May 10, 2021, Poole was informed that he needed to submit an additional form and *"[i]n the event your application for non-standard test accommodations is modified or denied, you will have ten (10) days from receipt of notice to file an appeal with the Board."*

On June 4, 2021, Poole was informed that he had been approved for "33% additional test time per exam" on the UBE[5] which would occur during the upcoming "July 2021 Remote Bar Examination." Poole accepted this accommodation, made no objection to the accommodation, and did not file an appeal. Despite this accommodation, Poole again failed the July 2021 exam which was his third attempt.

Poole sat for the bar exam a fourth time, with the same accommodation, in February 2022. However, he became ill during the first day of testing and did not return to complete the exam. At Poole's request, the KYOBA did not

---

for conduct and communications occurring in the performance of their duties. *Browne v. Poole*, 680 S.W.3d 810, 811 (Ky. 2023).

[5] "UBE" is the Uniform Bar Examination which was adopted by Kentucky in 2021. The UBE is divided into three sections—the Multistate Bar Examination, the Multistate Performance Test, and the Multistate Essay Examination. Since Kentucky has adopted the UBE, examinees no longer take the Kentucky-specific essay exam.

count his failure to complete the exam against the total number of attempts he could make at a passing score. Again, Poole did not object to the accommodation afforded and made no request for further or additional accommodations.

Poole sat for and completed the July 2022 exam, with accommodation, but again failed to achieve a passing score in what was then his fourth full attempt. In July of 2023, Poole sat for the exam a fifth time, with the same previously granted accommodation, and again failed.

Following the July 2023 exam, Poole was notified by letter from the KYOBA dated September 29, 2023 that, pursuant to SCR 2.080(4), he would not be permitted to sit for the exam again after failing to pass in five attempts.

On December 21, 2023, Poole filed his petition in this matter making numerous allegations including that "Mrs. Browne and the KYOBA failed to accommodate me for the Oct. 2020 Exam which was effectively a half bar exam," he "has never had his complete accommodations package," and "there were scoring discrepancies" with the October 2020 exam that "needed to be explored." Poole also questions how the language of SCR 2.080 counts the "February 2021, or after" UBE examinations against the five attempts allowed.

**II. ANALYSIS**

This Court possesses plenary power over bar admissions and we are the sole constitutional authority tasked to "govern admission to the bar[.]" Ky. Const. § 116. By rule, SCR 2.000, we created the Office of Bar Admissions comprised of the Board of Bar Examiners and the Character and Fitness

6

Committee. These bodies are authorized to administer procedures for admission to the bar and determine the character and fitness of applicants as a condition precedent to admission pursuant to the remainder of our admissions rules set forth at SCR 2.000 through 2.540.

In reviewing Poole's petition, we must first note that Poole has shown no evidence that either Browne or the KYOBA ever failed to properly and timely advise him, or any other applicants, of the manner in which the KYOBA would accept applications for NST accommodations, the timelines for such applications, the requisites of such applications, and/or the appellate mechanism available to applicants should the KYOBA either reject an application or offer less accommodation than an applicant either sought or believed necessary.

Poole voluntarily chose to sit for the exam twice (the October 2020 and February 2021 exams) without any accommodations being requested by him or afforded by the KYOBA. The reason he was not afforded accommodation was the fact that he, despite inquiring about accommodation and alleging he possessed the required materials for his application, simply did not apply for accommodation. Why he made this decision is unknown but is otherwise irrelevant to our decision. The KYOBA has no duty to grant accommodations to applicants who do not make a proper request for NST accommodation pursuant to the requirements of SCR 2.082.

As to Poole's assertion that he was never given his "full" accommodations package, we note that he never apparently voiced any objection to the

7

additional testing time allowance afforded him and most certainly never appealed that determination. Poole took the exam three times with the accommodation of 33% additional time and only now, after the exhaustion of five attempts, alleges that additional accommodation(s) may have been proper.

Lastly, the language of SCR 2.080(4) is clear. In pertinent part, the rule states: "Applicants who fail to earn the score required by the Board in five or fewer attempts on Kentucky's Bar Examination, including attempts on the UBE taken in Kentucky or any other Jurisdiction in February 2021, or after, shall not be permitted to sit for the Kentucky Bar Examination."

In his petition, Poole argues that the rule's five-attempt limit should only be read to apply to exams taken after February 2021. We interpret our rules in accordance with their plain language. *Roberts v. Ky. Bar Ass'n*, 531 S.W.3d 15, 18 (Ky. 2017) (citing *Sturgeon v. Commonwealth*, 521 S.W.3d 189, 193 (Ky. 2017)). In this instance, the plain language of the rule's wording of "including attempts on the UBE taken in Kentucky or any other jurisdiction in February 2021, or after . . ." means that all attempts at passing the bar exam, "including" attempts by applicants to pass the UBE which they may have taken in Kentucky or any other jurisdiction, count against the five maximum attempts allowed by our rule.

SCR 2.080 clearly provides that, following five unsuccessful attempts, an applicant cannot sit for the Kentucky bar exam again. Our rules, unlike some other states, do not provide for *any* discretionary exceptions to this rule

8

which would allow either this Court or the KYOBA to entertain an applicant's request to make another attempt.

### III. CONCLUSION

SCR 2.082(1) states "[t]he bar examination shall be administered by the Bar Examining authority to all eligible applicants in a manner that is fair and equitable." There is nothing in the record before us that persuades us that either Poole's application process or any of the five exams administered to Poole occurred in anything other than a fair and equitable manner.

Likewise, a review of our rules concerning the application process for those seeking accommodations has assured us that both the process, and our rules governing that process, have been properly and fairly implemented. Any failure to approve and implement additional accommodations for Poole, during any of his five failed exam attempts, is due solely to Poole either failing to apply for accommodation, or having applied, failing to seek appellate review of the accommodation granted.

Our concern for applicants with disabilities, and the necessity of granting proper accommodations to them, is bounded by our obligation to the Commonwealth of ensuring the competency of the members of the bar. As we have previously stated, "Kentucky has a legitimate state interest in assuming the competency of legal practitioners." *Minton v. Character & Fitness Comm.*, 979 S.W.2d 921, 922 (Ky. 1998) (citing *Schware v. Bd. of Bar Examiners*, 353 U.S. 232 (1957)). To protect this state interest "persons seeking admission to the Kentucky Bar are required to successfully complete an examination or

9

otherwise demonstrate their qualifications" *Id.* Among other requirements, applicants like Poole who seek admission by examination must achieve a passing score on the bar exam. SCR 2.080(4).

We affirm the determination by the KYOBA that Poole has exhausted the number of times he may attempt to pass the Kentucky Bar Exam and is precluded under our rules from taking the exam again. Furthermore, finding no merit in the allegations and arguments made in Poole's petition, we deny his requests for relief.

All sitting.  All concur.

ENTERED: JUNE 13, 2024

_____
CHIEF JUSTICE

10