**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**F. Dennis ALERDING, Respondent.**

**No. 2001–SC–0485–KB.**

Supreme Court of Kentucky.

Sept. 27, 2001.

---

**14.** 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830.

**15.** *Id.,* at 615–16, 93 S.Ct. at 2918, 37 L.Ed.2d at 842.

## OPINION AND ORDER

The Inquiry Commission charged F. Dennis Alerding of Covington, Kentucky, with one count of professional misconduct. The Inquiry Commission alleged that Alerding violated SCR 3.130–1.15 by failing to hold a client's funds in a separate account and by failing to properly deliver the funds pursuant to the client's instructions after executing a written agreement to do so. In his answer, Alerding denied any wrongdoing and asserted that the funds were misplaced and not improperly commingled with other funds. An evidentiary hearing was held before a Trial Commissioner, who found Alerding guilty as charged and recommended a forty-five (45) day suspension. On appeal to the Board of Governors, the Board likewise found Alerding guilty by a vote of 21 to 0 and recommended a ninety (90) day suspension from the practice of law. We adopt the recommendation of the Board.

### THE BOARD'S FINDINGS OF FACT

In March 1999, Sandy Neal Creekmore employed Alerding to represent him on a felony charge in the Kenton Circuit Court. Creekmore had been charged with a variety of offenses which were reduced significantly pursuant to a plea agreement. Creekmore was sentenced to two years' imprisonment on the amended charges and remained incarcerated during all time periods relevant to this case.

Creekmore and Alerding agreed on a fee of $5,000.00. Creekmore informed Alerding that he had approximately $6,000.00 in savings at a local bank. He instructed Alerding to withdraw the entire amount and pay himself the $5,000.00 fee. The remaining funds were to be held by Alerding to be distributed at a later date according to Creekmore's directions. Pursuant to this agreement, Creekmore gave Alerding written authorization to withdraw these funds. Alerding made two withdrawals from Creekmore's savings account. The first was for $5,000.00 and represented the agreed-upon fee. The second withdrawal—which was in cash—was in the amount of $1,006.62 and represented the balance of the funds in the account. According to Alerding, after receiving the money from the second withdrawal, he placed the cash inside Creekmore's file. This money apparently was lost, stolen, or misplaced.

Alerding testified before the Trial Commissioner that he did not maintain a separate escrow or trust account at a bank. He explained before the Board of Governors that, instead, he uses a general operating account under his son's name, who is also a lawyer and shares office space with Alerding. Additionally, Alerding stated that he did not believe that he needed a separate escrow or trust account because his practice is devoted almost entirely to criminal defense.

On May 1, 1999, Creekmore wrote Alerding a letter with instructions to forward $1,000.00 to a Mr. Schlesinger at a hardware store in Cincinnati. In the same letter, he gave alternate instructions that the money be sent to his mother. After receiving this letter, Alerding first realized the money was not in Creekmore's file.

On June 10, 1999, Creekmore wrote Alerding another letter in which he inquired about the status of the $1,000.00. Alerding responded two months later and assured Creekmore that he had not stolen the money and that Creekmore's case would be resolved in a very favorable manner.

On September 27, 1999, Creekmore again wrote Alerding with instructions to forward the $1,000.00 to his mother along with his bail bond of $500.00.

Two weeks later, Alerding met Creekmore for a court appearance in Creekmore's case. At this time, Creekmore presented Alerding with a handwritten agreement Creekmore had prepared himself, which provided in pertinent part:

> I, F. Dennis Alerding, ... having represented Sandy Creekmore in the Kenton County Circuit Court, has established my fee at $5,000.00 in March of this same year (1999). I closed out Sandy's ... [s]avings account of $6,000.00. On October 22, 1999 I will send the remainder of his savings account, plus his $500.00 bail bond money, to his mother....

Sometime after this meeting, Alerding placed a memo dated October 18, 1999, in Creekmore's file that states:

> Sandy Creekmore pled guilty. I told him my fee was $5,000.00. He told me to mail $1,000.00 to his mother which I will do this week. He also told me he has a bond posted which he wants me to get released for him and also send that to his mother.

Alerding sent Creekmore's mother a letter on October 27, 1999. In the letter he enclosed a check for the bail bond money and assured her that "the balance of your son's funds will follow in a few days," which referred to the $1,000.00 specified in the agreement signed by Alerding.

About one month later, Alerding received a letter from the Office of Bar Counsel advising him that Creekmore had filed a bar complaint against him. The complaint alleged that, as of November 15, 1999, Alerding "still had not released the remainder of my bank account." After being granted an extension of time to respond to Creekmore's complaint, Alerding responded to the complaint in pertinent part:

> I did take money out of [Creekmore's] account pursuant to his directions. He told me many conflicting statements about what to do with any money left over from the payment of my fee. I decided to wait until the entire case was concluded before sending the balance to his designated recipient.

> I have now sent that money onto his mother and I am enclosing a copy of the check which I sent to her. This matter is now concluded. If you need any further information, I will be glad to furnish it.

The copy of the check referred to above was made payable to Creekmore's mother in the amount of $1,000.00 and was dated January 3, 2000. The Trial Commissioner specifically found that this check was not sent until after Creekmore filed his bar complaint.

## THE BOARD'S CONCLUSIONS OF LAW

Alerding was charged with violating SCR 3.130–1.15(a), which provides in pertinent part:

> A lawyer shall hold property of clients ... that is in a lawyer's possession in connection with a representation separate from a lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client....

By a vote of 21 to 0, the Board of Governors found Alerding guilty of violating this rule when he failed to promptly deliver the $1,000.00 to Creekmore (or his designated recipient) from a period beginning April 1, 1999, when Creekmore directed the money to go to his mother, until January 3, 2000, when the check was ultimately received. By a vote of 12 to 9, the Board voted to recommend that a ninety (90) day suspension from the practice of law be imposed.

We adopt the recommendation of the Board of Governors. Therefore, it is ORDERED that:

1. Respondent, F. Dennis Alerding, is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of ninety (90) days, to run consecutive to any and all current suspensions. The period of suspension shall continue until such time as Alerding is reinstated to the practice of law by order of this Court pursuant to SCR 3.510, or any controlling amendment to SCR 3.510.

2. In accordance with SCR 3.450, Alerding is directed to pay all costs associated with this disciplinary proceeding against him, said sum being $564.90. Upon the finality of this opinion, an order of execution may issue from this Court for said costs.

3. In accordance with SCR 3.390, Alerding shall within ten (10) days of the entry of this order notify all clients of his inability to represent them and furnish copies of said letters of notice to the Director of the Kentucky Bar Association. Alerding shall also provide such notification to all courts in which he has matters pending.

LAMBERT, C.J., COOPER, GRAVES, JOHNSTONE, KELLER, and STUMBO, JJ., concur.

WINTERSHEIMER, J., dissents, finds penalty disproportionate to the misconduct.

Entered: September 27, 2001.

/s/  Joseph E. Lambert
   Chief Justice