**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**James Kevin MATHEWS, Respondent.**

No. 2009–SC–000102–KB.

Supreme Court of Kentucky.

May 21, 2009.

*OPINION AND ORDER*

The Board of Governors for the Kentucky Bar Association (KBA), has recommended that Respondent, James Kevin Mathews, KBA Member No. 84435, with a last known bar roster address of 2801 Creekside Drive, Louisville, Kentucky 40241, be suspended from the practice of law for one hundred and eighty-one (181) days, for multiple counts of misconduct. This Opinion addresses KBA file numbers 16275 and 16524. We agree with the Board's rulings and adopt its recommendations.

**File No. 16275**

On September 21, 2007, Jacqueline Hill hired Respondent to represent her in a civil action against her ex-husband. Respondent was paid a total of $1,000.00 for his representation of Ms. Hill.

Ms. Hill produced medical records and pictures of her injuries requested by Respondent that formed the basis of her lawsuit. On September 24, 2007, Respondent filed the lawsuit. Thereafter, Ms. Hill made repeated, unsuccessful attempts to contact Respondent until she learned that he had closed his office on October 1, 2007. Moreover, she received an Order compelling her to respond to defendant's interrogatories; however, Respondent never informed her that the interrogatories had been served. Ms. Hill has not been able to contact Respondent since their meeting in September 2007, nor has she received her case file or any type of refund. She thereafter filed a complaint concerning the matter.

On March 18, 2008, the Disciplinary Clerk mailed a copy of the Bar Complaint to Respondent. After three (3) unsuccessful attempts to deliver, the Complaint was sent to the Jefferson County Sheriff for service on the Respondent. On May 7, 2008, Respondent was personally served

by the sheriff. Respondent failed to file a response despite the fact that the Office of Bar Counsel sent a reminder letter on May 28, 2008, reminding him of the deadline to respond to the complaint.

On September 20, 2008, the Inquiry Commission issued a five-count charge against Respondent. Count I charged Respondent with violating SCR 3.130–1.3 (requiring a lawyer to "act with reasonable diligence and promptness in representing a client"). Count II charged Respondent with violating SCR 3.130–1.4(a) (requiring a lawyer to "keep a client reasonably informed about the status of a matter"). Count III charged Respondent with violating SCR 3.130–1.16(d) (requiring a lawyer to take reasonable steps to protect a client's interests upon termination of representation). Count IV charged respondent with violating SCR 3.130–3.4(c) (requiring that a lawyer "shall not knowingly disobey an obligation under the rules of a tribunal," through his failure to maintain current bar roster address in compliance with SCR 3.175(1)). Lastly, Count V charged Respondent with violating SCR 3.130–8.1(b) (forbidding a lawyer from knowingly failing to respond to a lawful demand for information from a disciplinary authority). Respondent failed to answer the charge or provide an accurate bar roster address.

Because no answer was filed, the matter went to the Board of Governors as a default case, pursuant to SCR 3.210(1). The Board voted nineteen (19) to zero (0) to find Respondent guilty on all five (5) counts of the charge.

### File No. 16524

On August 8, 2006, Linda and Billy Jordan hired Respondent to represent them in a civil action for damage done to their home. Mrs. Jordan paid Respondent $1,000.00 to begin work on the case. Respondent filed the lawsuit in September 2006. On August 2, 2007, one of the defendants sent interrogatories to Respondent which were then forwarded to Mr. and Mrs. Jordan. The Jordans sent their answers to Respondent, but Respondent failed to file any response to the interrogatories. In March of 2008, Mrs. Jordan attempted to contact Respondent, only to discover that his office phone and cellular phone had been disconnected.

Mrs. Jordan contacted the court and learned that a motion to dismiss had been granted as to one of the defendants due to Respondent's failure to file pleadings or respond to requests for information. The Jordans filed a motion for reconsideration and attempted to hire another attorney to represent them. Unfortunately, they were financially unable to do so and were forced to withdraw their motion on April 29, 2008. On July 7, 2008, Judge Barry Willett, the presiding judge, wrote the Office of Bar Counsel, informing them of Respondent's abandonment of the Jordans' case.

The Disciplinary Clerk mailed a copy of the Complaint to Respondent on May 23, 2008. Respondent failed to file an answer despite the fact that the Office of Bar Counsel sent a reminder letter on June 24, 2008. Respondent has not updated his Bar Roster Address or filed any type of response.

On September 20, 2008, the Inquiry Commission issued a five-count charge against Respondent. The five (5) charges are identical to the charges issued in KBA file No. 16275, *supra*, pertaining to violations of SCR 3.130–1.3, 3.130–1.4(a), 3.130–1.16(d), 3.130–3.4(c), and 3.140–8.1(b). Respondent failed to answer the charge.

Once again, because no answer was filed, the matter went to the Board of Governors as a default case, pursuant to SCR 3.210(1). The Board voted nineteen (19) to zero (0) to find Respondent guilty on all five (5) counts of the charge.

## CONCLUSION

The preceding files involve the same patterns of conduct and both resulted in analogous findings and charges. We note that Respondent is already serving a suspension for failing to pay bar dues on January 31, 2008.

Here, Respondent failed to file an answer to the charges, resulting in both cases being classified as default cases. The Board of Governors came to unanimous decisions when deciding guilt in both cases.[1] Neither party filed notice, pursuant to SCR 3.370(8), for this Court to review the Board's decision, nor do we elect to review the decision of the board pursuant to SCR 3.370(9). Therefore, we adopt the decision of the Board pursuant to SCR 3.370(10).

ACCORDINGLY, the Court ORDERS:

1) Respondent, James Kevin Mathews, is adjudged guilty on all counts and hereby is suspended from the practice of law for one hundred and eighty-one (181) days from the date of this Opinion and Order;

2) Pursuant to SCR 3.390, Respondent shall notify all courts in which he has matters pending of his suspension from the practice of law, and notify all clients in writing of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within ten (10) days of the date of this order. Respondent shall simultaneously provide a copy of all such letters to the Executive Director of the Kentucky Bar Association. Furthermore, to the extent possible and necessary, Respondent shall immediately cancel and cease any advertising activities in which he is engaged.

3) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings, in the amount of $1,155.55, for which execution may issue from this Court upon finality of this Opinion and Order;

4) If he has not already done so, Respondent shall immediately refund $1,000.00 (plus interest at the legal interest rate stated in KRS 360.010, calculated from the date each bar complaint was filed) in fees to each of the above named clients;

5) Respondent shall attend the Bar Counsel's remedial ethics program within one year of the date of this opinion and order. Respondent shall pass any examination given at the end of the program. Respondent will not apply for CLE credit of any kind for his attendance at that remedial ethics program and is required to furnish a release and waiver to the Office of Bar Counsel to review his records in the CLE department that might otherwise be confidential, with such release to continue in effect for one year after completion of the remedial education, in order to allow the Office of Bar Counsel to verify that he has not reported any hours to the CLE Commission that are taken as remedial education;

6) Respondent shall submit to mental health-related supervision, as approved by the Kentucky Bar Association's Lawyer Assistance Program (KYLAP), and such supervision shall continue to the extent and duration

---

1. We note that during the penalty phase, four (4) of the board members voted to only suspend respondent for sixty-one (61) days.

as deemed necessary and appropriate by KYLAP; and

7) If Respondent fails to comply with any of the terms of discipline as et forth herein, upon motion of the Office of Bar Counsel, the Court may impose other discipline in this matter.

All sitting. All concur.

ENTERED: May 21, 2009.

/s/ John D. Minton Jr.
   Chief Justice