TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-000658-KB

FINAL

DATE 3/3/20

a Hutcheson

JAMES CLAYTON HALL                                             MOVANT


V.                         IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                              RESPONDENT



## OPINION AND ORDER


James Clayton Hall (Hall), whose bar roster address is P.O. Box 1501, Pikeville, KY 41502, KBA Member Number 93519, desires to terminate Kentucky Bar Association (KBA) proceedings against him by moving this Court, pursuant to Supreme Court Rule (SCR) 3.480(2), to impose a sanction of a 181-day suspension from the practice of law. The KBA has no objection to Hall's request. For the following reasons, the motion is granted.

### I. BACKGROUND

The current case spans five consolidated KBA files. We will address each in turn.

## A. KBA File 18-DIS-0003

In August 2016, Johnnie Clark hired Hall to represent him in a personal injury case involving an automobile accident. On September 29, 2017, Hall sent Mr. Clark a text with a photograph of a check from Mr. Clark's insurance claim from Safe Auto for $9,980.00. The check was made out to both Mr. Clark and Hall. Hall asked Mr. Clark for permission to deposit the check, which Mr. Clark granted. After not receiving his portion of the funds from Hall, Mr. Clark contacted the insurance claim adjuster who confirmed that the claim check had cleared on October 2, 2017. On October 25, 2017, Hall assured Mr. Clark that he would send Mr. Clark a check soon but did not do so. Hall failed to contact Mr. Clark any further. It was not until January 4, 2018, after Mr. Clark filed a bar complaint against Hall, that Hall sent Mr. Clark the check. On February 20, 2018, Hall was served with a Bar Complaint in this matter. He failed to respond.

In this KBA file, Hall was charged with three violations of the Rules of Professional Conduct. Hall admits he violated all three Rules. SCR 3.130(1.4)(a)(4) states in part, "A lawyer shall: (4) promptly comply with reasonable requests for information." Hall admits he violated this Rule by failing to respond to Mr. Clark's attempt at communication regarding his settlement.

SCR 3.130(1.15)(b) states,

> Upon receiving funds or other property in which a client has an interest, a lawyer shall promptly notify the client. Except as stated in this Rule or otherwise permitted by law or by agreement with the client a lawyer shall promptly deliver to the client any funds or

2

other property that the client is entitled to receive and, upon request by the client, shall promptly render a full accounting regarding such property.

Hall admits he violated this Rule by failing to promptly deliver the settlement funds to his client.

SCR 3.130(8.1)(b) states in part, that in connection with a disciplinary matter, a lawyer shall not "knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority." Hall admits he violated this rule by failing to respond to the Bar Complaint.

## B. KBA File 18-DIS-0142

In July 2015, Joyce Scott hired Hall to represent her in a personal injury case following a car accident. Ms. Scott and Hall agreed to a 30% contingency fee. Ms. Scott gave Hall a check she had previously received from Progressive as part of the settlement for approximately $1,200.00. Hall worked on Ms. Scott's case until 2017 when he stopped returning her phone calls and would not meet with her at his office. Without consulting Ms. Scott, Hall reached a $6,000.00 settlement on Ms. Scott's case on November 8, 2017. On November 9, 2017, Hall endorsed the check with both his name and Ms. Scott's name without her permission. It was not until June 2018, after Ms. Scott filed a bar complaint against Hall, that Hall informed Ms. Scott of the settlement and sent her the settlement money.

In this KBA file, Hall was charged with four violations of the Rules of Professional Conduct. Hall admits he violated all four Rules. First, Hall was charged with violating SCR 3.130(1.4)(a) which states:

3

A lawyer shall:

(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules;
(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;
(3) keep the client reasonably informed about the status of the matter;
(4) promptly comply with reasonable requests for information; and
(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

Hall admits he violated this Rule by failing to consult with Ms. Scott regarding her settlement, failing to inform her of the status of her personal injury settlement, and failing to respond to her attempts at communication.

Next, Hall was charged with violating SCR 3.130(1.15)(b) for failing to promptly deliver the settlement funds to Ms. Scott. Hall admits he violated this Rule.

Hall was also charged with violating SCR 3.130(1.16)(d), which states in pertinent part,

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred.

Hall admits he violated this Rule when he failed to give Ms. Scott reasonable notice before abandoning his law practice and when he failed to return her file.

Finally, in this KBA file, Hall was charged with violating SCR 3.130(8.4)(c) which states, "It is professional misconduct for a lawyer to...engage in conduct involving dishonesty, fraud, deceit or

4

misrepresentation." Hall admits he violated this Rule when he forged Ms. Scott's signature endorsing the settlement check.

## C. KBA File 18-DIS-0149

In November 2017, Tina Benites hired Hall to represent her in a personal injury case following a car accident. During the representation, Hall failed to return Ms. Benites's calls or requests for information regarding the status of her case. Ms. Benites's physical therapy provider was unable to get in contact with Hall for payment after Ms. Benites's personal injury protection insurance money had run out. When Ms. Benites went to Hall's office to inquire about her case, she found that it was abandoned, and thereafter she hired new counsel. It was not until June 2018 when Hall's sister contacted Ms. Benites that Ms. Benites's file was returned to her. On June 8, 2018, Hall was served with a Bar Complaint in this matter via Executive Director. He failed to respond.

In this KBA File, Hall was charged with violating four Rules of Professional Conduct. He admits to violating all four Rules. First, he was charged with violating SCR 3.130(1.3) which states, "A lawyer shall act with reasonable diligence and promptness in representing a client." Hall admits he violated this Rule by failing to work diligently on Ms. Benites's personal injury case. Next, Hall was charged with violating SCR 3.130(1.4)(a)(4) for failing to respond to Ms. Benites's attempts at communication regarding her case. Hall admits he violated this Rule. In this KBA file, Hall was also charged with violating SCR 3.130(1.16)(d) for failing to give Ms. Benites reasonable notice before abandoning his law practice and for failing to return her file in a timely

5

manner. Hall admits to this. Finally, Hall was charged with violating SCR 3.130(8.1)(b) for failing to respond to the bar complaint. Hall admits to violating this Rule.

### D. KBA File 18-DIS-0195

In November 2015, Alicia Feltner retained Hall to represent her in a personal injury case following a car accident. After providing Hall with her medical records, Ms. Feltner did not hear from Hall for approximately one year. Hall did not respond to several text messages from Ms. Feltner, but eventually admitted to his delay in her case. In June of 2018, Ms. Feltner again attempted to contact Hall to no avail. She drove by his law office and saw a "For Lease" sign in the window. Hall's office number had been disconnected, and Hall did not respond to Ms. Feltner's emails or text messages. Ms. Feltner attempted to hire new counsel, but Hall had placed an attorney's lien on her case. Hall did not return Ms. Feltner's file and did not advise her whether her case had settled. Further, Hall failed to provide a copy of Ms. Feltner's file to the Office of Bar Counsel upon its request.

In this KBA File, Hall was charged with violating four Rules of Professional Conduct. He admits to violating all four Rules. First, he admits to violating SCR 3.130(1.3) by failing to work diligently on Ms. Feltner's personal injury case. Hall also admits to violating SCR 3.130(1.4)(a) by failing to communicate with Ms. Feltner regarding the status of her case, failing to respond to her attempts at communication, and failing to consult with Ms. Feltner on how her case should proceed. Hall was also charged with violating

6

SCR 3.130(1.16)(d) for failing to give Ms. Feltner reasonable notice before abandoning his law practice and for failing to return her file. He admits to this. Finally, Hall was charged with violating SCR 3.130(8.1)(b) for failing to respond to a lawful demand for information from the Office of Bar Counsel. Hall admits to violating this Rule.

### E. KBA File 18-DIS-0227

Tacovi Tichenor retained Hall to represent him in a personal injury case following a car accident. After his retention, Mr. Tichenor was unable to contact Hall for six months, and Hall did not inform Mr. Tichenor that he had abandoned his law practice. In August 2018, Mr. Tichenor filed a bar complaint against Hall. It was not until November 2018 that Hall returned Mr. Tichenor's file to him. In December 2018, Mr. Tichenor received a settlement check from his insurance company, but was unaware that Hall had settled his case. Further, Hall failed to provide a copy of Mr. Tichenor's file or Hall's escrow account records to the Office of Bar Counsel upon their request in January 2019.

In this KBA File, Hall was charged with violating three Rules of Professional Conduct. He admits to violating all three Rules. First, Hall was charged with and admits to violating SCR 3.130(1.4)(a) by settling Mr. Tichenor's case without his knowledge, by failing to inform Mr. Tichenor that his case had been settled, and by failing to respond to Mr. Tichenor's attempts at communication. Hall was also charged with violating SCR 3.130(1.16)(d) for failing to give Mr. Tichenor reasonable notice before abandoning his law

practice and for failing to return his file. Hall admits to this. Finally, Hall was charged with and admits to violating SCR 3.130(8.1)(b) by failing to respond to a lawful demand for information from the Office of Bar Counsel.

Hall requests that this Court impose a 181-day suspension in an effort and desire to dispense of any further proceedings for these violations. Hall agrees that his suspension will continue until he is reinstated to the practice of law by order of this Court in accordance with SCR 3.510. He further agrees that as a condition of his suspension, he will return Ms. Feltner's client file and pay all costs associated with the investigation and prosecution of this proceeding, pursuant to SCR 3.370. The KBA has no objection to Hall's proposed resolution of this matter.

## II. ANALYSIS

Hall admits that he violated two counts of SCR 3.130(1.3), five counts of SCR 3.130(1.4)(a), two counts of SCR 3.130(1.15)(b), four counts of SCR 3.130(1.16)(d), four counts of SCR 3.130(8.1)(b), and one count of SCR 3.130(8.4)(c). Hall requests a 181-day suspension with conditions as the appropriate sanction. The KBA has no objection. Hall has no prior disciplinary history. He has been licensed to practice law in the Commonwealth of Kentucky since April 30, 2010. The majority of Hall's current disciplinary issues occurred during late 2017 and 2018, during which time Hall claims to have been suffering from severe anxiety and depression.[1]

---

[1] In his Motion for Suspension from the Practice of Law filed with this Court Hall does not allege that he suffered from severe anxiety and depression. However, he did allege this in the Answers he filed with the KBA in response to the Charges against

8

Our Rules permit the KBA and a member of the bar to agree to a negotiated sanction.

> Any member who is under investigation pursuant to SCR 3.160(2) or who has a complaint or charge pending in this jurisdiction, and who desires to terminate such investigation or disciplinary proceedings at any stage of it may request Bar Counsel to consider a negotiated sanction. If the member and Bar Counsel agree upon the specifics of the facts, the rules violated, and the appropriate sanction, the member shall file a motion with the Court which states such agreement, and serve a copy upon Bar Counsel, who shall, within 10 days of the Clerk's notice that the motion has been docketed, respond to its merits and confirm its agreement . . . . The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand.

SCR 3.480(2).

The KBA consents to a 181-day suspension, and to support the negotiated sanction, the KBA cites to three cases. In *Kentucky Bar Association v. Howell*, 568 S.W.3d 857 (Ky. 2019), a 181-day suspension was ordered despite the Board of Governors' recommendation of a 90-day suspension with an additional 91 days probated, with monitoring by KYLAP.[2] This Court found Howell guilty of a total of thirty different Rule violations for abandoning her law practice and her clients in ten consolidated cases and found her claims of mitigation to be unpersuasive. Howell had a disciplinary history that included three private admonitions.

In *Kentucky Bar Association v. Mathews*, 283 S.W.3d 741 (Ky. 2009), Mathews was suspended from the practice of law for 181 days after this Court

---

him. He did not provide any medical proof of his alleged anxiety and depression to the KBA or to this Court.

[2] Kentucky Lawyer Assistance Program.

9

found him guilty of two counts of each of five Rule violations for abandoning two clients in the middle of their lawsuits and then failing to participate in the disciplinary proceedings. At the time of his suspension, Mathews was already serving a suspension for failing to pay his bar dues.

In *Kentucky Bar Association v. Perry*, 102 S.W.3d 507 (Ky. 2003), Perry was found guilty of four counts of professional misconduct in two disciplinary cases for failing to keep clients informed and failing to participate in the disciplinary proceedings. This Court suspended Perry for 181 days. At the time of that suspension, she was already serving a suspension for failing to pay her bar dues.

The KBA also distinguishes Hall's case from that of *Kentucky Bar Association v. Alerding*, 57 S.W.3d 297 (Ky. 2001) in which Alerding was found guilty by this Court of one count of violating SCR 3.130(1.15) for failing to hold a client's funds in a separate account and by failing to properly deliver the funds pursuant to the client's instructions after executing a written agreement to do so. Alerding denied any wrongdoing but was suspended from the practice of law for 90 days.

The KBA cites to these cases to demonstrate that a 181-day suspension is an appropriate sanction. After reviewing the facts and relevant caselaw, we agree with Hall and the KBA that a 181-day suspension is appropriate here. ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. James Clayton Hall is suspended from the practice of law in Kentucky for a period of one-hundred-eighty-one (181) days for his professional

misconduct as set forth herein. The period of suspension shall commence on the date of entry of this Order and shall continue until such time as he is reinstated to the practice of law by Order of this Court pursuant to SCR 3.510.

2. Hall shall immediately return Alicia Feltner's client file to her.

3. If he has not already done so, pursuant to SCR 3.390, Hall shall promptly take all reasonable steps to protect the interests of his clients, including, within ten days after the issuance of this order, notifying by letter all clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel and notifying all courts or other tribunals in which Hall has matters pending. Hall shall simultaneously provide a copy of all such letters to the Office of Bar Counsel.

4. If he has not already done so, pursuant to SCR 3.390, Hall shall immediately cancel any pending advertisements; shall terminate any advertising activity for the duration of the term of suspension; and shall not allow his name to be used by a law firm in any manner until he is reinstated.

5. Pursuant to SCR 3.390, Hall shall not, during the term of suspension and until reinstatement, accept new clients or collect unearned fees.

11

6.	In accordance with SCR 3.450, Hall is directed to pay the costs of this action in the amount of $613.19 for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: February 20, 2020.

CHIEF JUSTICE