TO BE PUBLISHED

# Supreme Court of Kentucky

## 2023-SC-0219-KB

TONY BRANDON MILLER                                                 MOVANT

V.                               IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                             RESPONDENT

## OPINION AND ORDER

On May 19, 2023, Tony Brandon Miller (Miller), moved this Court for the entry of an order suspending him from the practice of law for 181 days, probated for one year with conditions, for violating SCR[1] 3.130(1.7)(a)(2), SCR 3.130(3.3)(a)(1), SCR 3.130(4.2), and SCR 3.130(8.1)(b) from KBA disciplinary case 21-DIS-0203 and SCR 3.130(1.3), SCR 3.130(1.4)(a), SCR 3.130(1.16)(d) and SCR 3.130(8.1)(b) from KBA discipline case 22-DIS-0215[2]. Thereafter, the Kentucky Bar Association (KBA) filed a response stating that it had no objection to the order as requested. This Court hereby enters said 181 day suspension, for violating 3.130(1.7)(a)(2), SCR 3.130(3.3)(a)(1), SCR 3.130(4.2), SCR 3.130(8.1)(b), SCR 3.130(1.3), SCR 3.130(1.4)(a), and SCR 3.130(1.16)(d).

---

[1] Kentucky Rule of the Supreme Court.

[2] 21-DIS-0203 and 22-DIS-0215 were consolidated into one file and are under the lead case of 21-DIS-0203.

# I. BACKGROUND

Miller's KBA member number is 96164.  He was admitted to practice law in the Commonwealth on October 17, 2014.  His address is 2331 Midland Trail, Rush, Kentucky 41168.

## 21-DIS-0203:

Miller's former client (Client) was referred to the Fayette Mental Health Treatment Court in June 2021 in conjunction with a probation violation charge from Fayette District Court.  She was represented by Hon. Edward Dove in that criminal matter.  The Client has a history of trauma, has been diagnosed with PTSD, and has reported being a sex industry worker.  The Client's daughter was in the custody of the Cabinet for Health and Family Services due to a dependency, neglect, and abuse case, and she also had several domestic violence cases that were pending in family court before Judge Libby Messer.  Miller represented the Client in these family court matters.  Many of the Client's criminal matters arose as violations of IPOs issued by the family court.

The Mental Health Court team discovered that Miller had been communicating with the Client on the website "Only Fans," a platform that provides adult images and videos.  The team addressed concerns regarding an unprofessional relationship between Miller and the Client with presiding Judge John Tackett.

On October 20, 2021, Miller appeared by Zoom for the Client in Mental Health Treatment Court, although he was not her attorney of record in that matter, and she was still being represented by another attorney.  Miller notified

the court that the Client was not present due to illness, which was not accurate. At that time, Judge Tackett notified Miller that the Client had made allegations of inappropriate conduct on the part of Miller and that Miller should not say anything regarding the allegations. Miller then left the Zoom call.

The next day, October 21, 2021, Miller appeared before Family Court Judge Messer and advised her that the Client could not attend due to illness; this was also incorrect. The court date was rescheduled for October 25, 2021, and neither Miller nor the Client appeared on that date.

**22-DIS-0215:**

Miller was hired by Madison Miller, (Madison) in September 2021 to represent her in a family court case regarding custody and child support. Madison paid Miller a $1,500.00 retainer and service fees totaling $2,000.00. Madison attempted to contact Miller but was unable to reach him for several months in the latter part of 2021. Madison claims that Miller performed no work on her case and did not file any motions during this time.

Madison discovered that Miller had been suspended from the practice of law, due to an order[3] that was issued by this Court on February 24, 2022, pursuant to SCR 3.165(1)(a)(b), and (d).

Madison filed a bar complaint in August 2022. Miller was served with the bar complaint by the Boyd County Sheriff's office on September 28, 2022.

---

[3] Ky. Bar Ass'n v. Miller, 641 S.W.3d 181(Ky. 2022).

Miller failed to respond to the bar complaint, however, he refunded Madison's legal fees around the time he was served.

## II. CHARGES

### 21-DIS-0203:

Count I. Violation of SCR 3.130(1.2)(d) – Concerning engaging in criminal conduct with a client. Miller has denied those allegations and that Count will be dismissed by agreement.

Count II. Violation of SCR 3.130(1.7)(a)(2) – Conflict of interest, which Miller admits.

Count III. Violation of SCR 3.130(3.3)(a)(1) – Making false statements to a tribunal, which Miller admits.

Count IV. Violation of SCR 3.130(4.2) – Communicating with a represented person about the subject of a matter in which that person is represented by another lawyer, which Miller admits.

Count V. Violation of SCR 3.130(8.4)(b) – Dishonest or fraudulent statements made to Mental Health Court personnel. Miller has denied those allegations and that Count will be dismissed by agreement.

Count VI. Violation of SCR 3.130(8.1)(b) – Failing to respond to a lawful request for information in disciplinary process, which Miller admits.

### 22-DIS-0215:

Count I. Violation of SCR 3.130(1.3) - Miller's lack of diligence in representing Madison, which Miller admits.

4

Count II.  Violation of SCR 3.130(1.4)(a)(4)- Lapses in communication between Miller and Madison.  Miller admits this violation.

Count III.  Violation of SCR 3.130(1.16)(d) – Failure to timely refund the unearned fees back to his client.  Miller admits this violation.

Count IV.  Violation of SCR 3.130(8.1)(b) – Failing to respond to a lawful demand for information in a disciplinary proceeding, Miller admits to this violation.

## II. ANALYSIS

The KBA cites several cases in support of its conclusion that a 181-day suspension is appropriate.  Preliminarily, we note that Miller's history of attorney discipline includes one private admonition by the Inquiry Commission on February 8, 2022.  In mitigation, Miller acknowledges that he was having personal and/or emotional problems during the relevant time period discussed herein.  He relates this to family struggles, anxiety, and depression.  No evidence of a formal diagnosis has been provided.  Miller has been temporarily suspended from practicing law for over a year under the order entered in February, 2022, and claims he has been compliant during the period of suspension.

In the first case cited by the KBA, *Kentucky Bar Ass'n v. Meredith*,[4] Meredith's personal and emotional involvement with a client had adverse effect on advice or services rendered during Meredith's representation.  Meredith was

---

[4] 641 S.W.3d 181.

found to have revealed confidential information from the client during court proceedings to the detriment of the client. The court found that a public reprimand was warranted for Meredith. Miller has substantially more violation counts than Meredith did.

In *Riley v. Kentucky Bar Ass'n*,[5] this Court issued a sanction of a public reprimand for Riley's admitted misconduct of engaging a client in sexually explicit telephone conversations, and for making a sexual advance toward the client while he was representing the client in a class action case, violating SCR 3.130(1.7). The client turned down Riley's advances and Riley was soon taken off the case. *Riley* had a similar conflict of interest as Miller's, but Riley had many fewer violations than Miller.

In *Kentucky Bar Ass'n v. Matthews*,[6] this Court upheld a 181-day suspension against Matthews for multiple violations of the rules of professional conduct. Matthews violated SCR 3.130(1.4)(a), SCR 3.130(3.4)(c), SCR 3.130(1.16)(d), SCR 3.130(8.1)(b) and SCR 3.130(1.3). SCR 3.130(1.3) requires a lawyer to act with reasonable diligence and promptness in representing a client. Matthews accepted payment to represent a client in a civil lawsuit but failed to file the pleadings in time.

In *Coorssen v. Kentucky Bar Ass'n*,[7] this Court ruled that Coorssen had violated several rules of professional conduct. Coorssen failed to return client

---

[5] 349 S.W.3d 301(Ky. 2011).

[6] 283 S.W.3d 741 (Ky. 2009).

[7] 266 S.W.3d 237(Ky. 2008).

telephone calls, failed to provide client with information concerning the status of her divorce, failed to return an unearned client fee, and failed to withdraw from a case.  The court issued a suspension from practice of law for one year, with 181 days to be served and the remainder probated for two years subject to certain conditions.

This Court also held in *Kentucky Bar Ass'n v. Bader*,[8] that Bader would be suspended for thirty days for violation of SCR 3.130(3.4)(c), and SCR 3.130(b).  Bader failed to respond to a lawful demand for information related to a disciplinary authority.

Miller has a history of prior discipline in that he was issued a private reprimand by the Inquiry Commission on February 8, 2022, after these violations occurred.  Miller acknowledges that he was having personal and/or emotional problems.  He relates this to family struggles, anxiety and depression.  No formal diagnosis has been provided.  Miller has been temporarily suspended from practicing law for over a year under the February, 2022 order.

Miller admits that he violated SCR 3.130(1.7)(a)(2), SCR 3.130(3.3)(a)(1), SCR 3.130(4.2), SCR 3.130(8.1)(b), SCR 3.130(1.3), SCR 3.130(1.4)(a)(4), SCR 3.130(1.16)(d), and SCR 3.130(8.1)(b).  Miller and the KBA agree to an order suspending him from the practice of law for 181 days, retroactive to his temporary suspension commencement from 2021-SC-0527-KB, and we agree

---

[8] 529 S.W.3d 774 (Ky. 2017).

that this sanction is appropriate. Miller shall be referred to the Kentucky Lawyer's Assistance Program (KYLAP), as he has acknowledged struggles with his mental health.

Therefore, the Court Orders:

1. Miller is hereby suspended from the practice of law for 181 days, retroactively.

2. Miller is hereby ordered to pay all costs of these proceedings pursuant to SCR 3.450.

3. Miller shall not commit any crimes, including misdemeanors or felonies.

4. Within 10 days of the entry of this order, Miller must contact KYLAP to schedule an assessment, complete the assessment and comply with any recommendations made by KYLAP. Miller must also sign an authorization allowing Office of Bar Counsel (OBC) to directly communicate with and obtain information from the Director of KYLAP. Miller shall also provide quarterly reports to the OBC showing his compliance with any terms and conditions set by KYLAP regarding his mental health assessment.

All sitting. All concur.

ENTERED: August 24, 2023.

_____
CHIEF JUSTICE