TO BE PUBLISHED

$\mathfrak{Supreme\ Court\ of\ Kentucky}$



2018-SC-000438-KB

DATE 3/26/19 Kim Redmon, DC

KENTUCKY BAR ASSOCIATION                                                                          MOVANT

V.                                          IN SUPREME COURT

RACHELLE NICHOLE HOWELL                                                     RESPONDENT

## OPINION AND ORDER

Appellee, Rachelle Nichole Howell, was admitted to the practice of law in the Commonwealth of Kentucky on October 7, 2003. Her Kentucky Bar Association (KBA) number is 89867 and her current bar roster address is 305 Circle Drive, Shepherdsville, Kentucky 40165. Her disciplinary record includes a private admonition in 2010 for failing to act with reasonable diligence and promptness in representing several clients and failing to keep those clients reasonably informed about the status of their matters. Further, she had a private admonition in 2015 for failing to act with reasonable diligence and promptness in representing a client, for disobeying an obligation under the rules of a tribunal,[1] and for improperly providing financial assistance to a client for pending litigation. Finally, a private admonition with conditions was issued

---

[1] Howell allowed herself to be a surety on a bail bond.

in 2016 for failing to act with reasonable diligence and promptness in representing a client, for failing to promptly comply with a reasonable request for information, and for failing to take reasonable steps to protect the client's interest upon termination of representation by failing to refund the unearned advance-fee payment.

Based on ten consolidated KBA files, the Board of Governors unanimously recommends this Court find Howell guilty of violating SCR 3.130-1.3 (nine counts); 3.130-1.4(a)(3); 3.130-1.4(a)(4) (nine counts); 3.130-1.15(e); 3.130-1.16(d) (ten counts); and 3.130-8.1(b).

For these violations, the Board recommends this Court suspend Howell for ninety days with an additional ninety-one days to be probated for a period of two years with conditions. The recommended terms of Howell's probation are: (1) continuing her monitoring agreement with Kentucky Lawyers Assistance Program (KYLAP); (2) obtaining, at her expense, at least three hours of continuing legal education on topics relevant to law office management within the next twelve months; (3) attending, at her expense, the next scheduled Ethics and Professionalism Enhancement Program (EPEP); (4) making restitution within the two-year period of her probation; and (5) paying the costs associated with this proceeding in accordance with SCR 3.450. For the following reasons, we agree with the Board that Howell committed the following ethical violations, but reject the Board's recommended sanction.

2

# I. BACKGROUND

The current case spans ten consolidated KBA files. We will address each in turn.

## A. KBA File Number 16-DIS-24112

Habib Bousso paid Howell $1,500 to represent him in divorce proceedings. Howell filed motions for a case management conference and for the appointment of a mediator. However, she did not appear in court when the motions were scheduled to be heard. Howell did not complete Bousso's representation, and her level of communication with opposing counsel and Bousso in the divorce proceeding was lacking. When a bar complaint was filed, Howell responded to Bar Counsel's letter, claiming she had issued a partial refund check to Bousso. Howell testified that she was not able to locate Bousso's file and that she did not recall obtaining a copy of the alleged refund check. She further stated she did not recall responding to Bar Counsel's letter requesting information concerning her claim by indicating a partial refund had been issued.

Ultimately, the Inquiry Commission issued a two-count charge, alleging Howell had violated SCR 3.130(1.16)(d) (by failing to protect Bousso's interests by giving him reasonable notice and by failing to refund any unearned fee) and 3.130(8.1)(b) (by knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority).

3

### B. KBA File Number 16-DIS-24256

William Stogner hired Howell to seek the dismissal of criminal charges and to have his record expunged of those charges. He paid Howell $500 for this service. Howell obtained the dismissal, but failed to keep Stogner informed and to complete the expungement process. Stogner had to obtain another attorney for the expungement proceedings.

The Inquiry Commission filed a four-count charge against Howell related to Stogner's case, alleging Howell had violated: (1) SCR 3.130-1.3 (by failing to act with reasonable diligence and promptness in representing Stogner); (2) 3.130-1.4(a)(3) (by failing to keep Stogner reasonably informed about the status of his case); (3) 3.130-1.4(a)(4) (by failing to promptly comply with Stogner's reasonable requests for information); and (4) 3.130-1.16(d) (by failing to protect Stogner's interest by giving him reasonable notice, surrendering his file, and returning any unearned fee).

### C. KBA File Number 16-DIS-24286

John Rader II paid Howell a total of $1,400 to represent him in a divorce matter. While Howell filed the Petition for Dissolution of Marriage and a Motion to request a case management conference, she failed to communicate the status of the matter to Rader. He was unable to reach Howell for three months. Howell acknowledged that she did not complete the representation, did not timely communicate with Rader, and failed to return his file. She acknowledged she owes Rader $247, the unearned balance due from his retainer.

4

In this file, the Inquiry Commission filed a three-count charge against Howell, alleging she had violated: (1) SCR 3.130-1.3 (by failing to act with reasonable diligence and promptness in representing Rader); (2) 3.130-1.4(a)(4) (by failing to promptly comply with Rader's reasonable requests for information); and (3) 3.130-1.16(d) (by failing to protect Rader's interests by giving him reasonable notice, surrendering his file, and refunding any unearned fee).

### D. KBA File Number 16-DIS-24311

Walter Brennan hired Howell to represent him in a child custody and child abuse case pending in juvenile court. He paid her a $1,500 retainer. The juvenile court proceeding was successfully completed. However, Howell failed to appear in three court proceedings. Brennan attempted to reach Howell by phone and email to no avail. Howell refunded the retainer and admitted that she failed to deposit Brennan's advance-fee payment in her escrow account.

The Inquiry Commission filed a four-count charge against Howell, alleging she had violated: (1) SCR 3.130-1.3 (by failing to act with reasonable diligence and promptness in representing Brennan); (2) 3.130-1.4(a)(4) (by failing to promptly comply with Brennan's reasonable requests for information); (3) 3.130-1.15(e) (by failing to deposit fees and expenses that had been paid in advance into a client trust account); and (4) 3.130-1.16(d) (by failing to protect Brennan's interests by giving him reasonable notice and surrendering his file).

5

### E. KBA File Number 16-DIS-24312

A third party (Kim Sills) paid $250 for Howell to represent Rickey Crockett. Crockett asked Howell to assist him in stopping his estranged wife's harassing communications. After the harassment came to an end, Crockett hired Howell to represent him in a divorce action. Howell performed various services for Crockett regarding the divorce proceedings. She was paid $4,500 for these services. Shortly thereafter, Sills and Crockett were unable to reach Howell by text messages, emails, or phone calls. Crockett terminated the representation and asked Howell to provide an itemized statement. Howell failed to provide said statement, and Sills filed a bar complaint. Howell then prepared a billing statement which indicated a total fee of $1,550. Howell agrees that Crockett is due a refund of $2,950 of the $4,500 retainer

Ultimately, the Inquiry Commission filed a three-count charge against Howell related to Crockett's case, alleging Howell had violated: (1) SCR 3.130-1.3 (by failing to act with reasonable diligence and promptness in representing Howell); (2) 3.130-1.4(a)(4) (by failing to promptly comply with Crockett's reasonable requests for information); and (3) 3.130-1.16(d) (by failing to protect Crockett's interest by giving him reasonable notice, surrendering his file, and refunding unearned fee).

### F. KBA File Number 16-DIS-24322

Jason Roberts paid Howell $2,000 to represent him in a divorce proceeding. Howell made two court appearances on Roberts's behalf. However, she failed to appear for the third court date and after that, Roberts

was unable to reach her. Howell later appeared for the rescheduled hearing date and acknowledged that she did not comply with the court's instruction to schedule a mediation. The court fined Roberts $350. Roberts then terminated Howell's representation. Roberts requested a refund of his retainer and Howell did not comply. Roberts requested his file, which Howell provided eight or nine months later.

Roberts sued Howell in Jefferson District Small Claims Court. Howell neither appeared nor participated in the proceeding. Roberts then filed a bar complaint, after which time Howell refunded the $2,000 retainer. Howell admitted to her "problematic conduct" in connection with her representation of Roberts.

The Inquiry Commissioner filed a three-count charge against Howell related to his case, alleging Howell had violated: (1) SCR 3.130-1.3 (by failing to act with reasonable diligence and promptness in representing Roberts); (2) 3.130-1.4(a)(4) (by failing to promptly comply with Roberts's reasonable requests for information); and (3) SCR 3.130-1.16(d) (by failing to protect Roberts's interests by giving him reasonable notice and surrendering his file).

### G. KBA File Number 16-DIS-24323

Edward Harp retained Howell to represent him in a divorce proceeding. Harp paid $500 of Howell's retainer and a family member paid the remaining $1,500. Howell filed a Petition for Dissolution for Harp. Harp later testified that there were mistakes in the documents prepared by Howell and that little was accomplished. Howell failed to appear at a scheduled case management

conference and Harp was unable to reach her through texts, emails, and social media. Eventually, he requested his file and retained new counsel. The parties agree that no refund is owed to Harp.

The Inquiry Commission filed a three-count charge against Howell related to Harp's case, alleging Howell had violated: (1) SCR 3.130-1.3 (by failing to act with reasonable diligence and promptness in representing Harp); (2) 3.130-1.4(a)(4) (by failing to promptly comply with Harp's reasonable requests for information); and (3) 3.130-1.16(d) (by failing to protect Harp's interests by giving him reasonable notice and surrendering his file).

### H. KBA File Number 16-DIS-24375

Joseph Campbell paid Howell $1,500 to represent him in a divorce proceeding. Howell admitted she was unable to provide representation to Campbell. Further, she stated that she did not recall appearing in court for him or otherwise communicating with him. She refunded Campbell's retainer.

The Inquiry Commission filed a three-count charge against Howell related to Campbell's case, alleging Howell had violated: (1) SCR 3.130-1.3 (by failing to act with reasonable diligence and promptness in representing Campbell); (2) 3.130-1.4(a)(4) (by failing to promptly comply with Campbell's reasonable requests for information); and (3) 3.130-1.16(d) (by failing to protect Campbell's interests by giving him reasonable notice and surrendering his file).

### I. KBA File Number 16-DIS-24376

Bradley Vaughn retained Howell to represent him regarding a domestic violence petition filed by Vaughn's wife, and then retained her to represent him

8

in a contemplated divorce proceeding. Howell was paid $2,000 for representation of Vaughn in the divorce proceeding. After correspondence between Vaughn and Howell to complete the Petition for Dissolution of Marriage, Howell did not file the Petition. Vaughn was served with a Petition for Dissolution filed by his wife. Vaughn then experienced difficulty reaching Howell by email and text messages. Howell acknowledges that she is obligated to refund Vaughn's retainer.

The Inquiry Commission filed a three-count charge against Howell related to Vaughn's case, alleging Howell had violated: (1) SCR 3.130-1.3 (by failing to act with reasonable diligence and promptness in representing Vaughn); (2) 3.130-1.4(a)(4) (by failing to promptly comply with Vaughn's reasonable requests for information); and (3) 3.130-1.16(d) (by failing to protect Vaughn's interests by giving him reasonable notice, surrendering his file, and refunding any unearned fee).

### J. KBA File Number 16-DIS-24377

Kurt Pajel retained Howell to represent him in a divorce proceeding. A $2,000 retainer was paid by a family member on Pajel's behalf. Pajel was unable to reach Howell with the exception of one text message from her. Howell refunded the retainer.

Ultimately, the Inquiry Commission filed a three-count charge against Howell, alleging she had violated: (1) SCR 3.130-1.3 (by failing to act with reasonable diligence and promptness in representing Pajel); (2) 3.130-1.4(a)(4) (by failing to promptly comply with Pajel's reasonable requests for information);

9

and (3) 3.130-1.16(d) (by failing to protect Pajel's interests by giving him reasonable notice and surrendering his file).

Howell filed *in forma pauperis* affidavits pursuant to SCR 3.300 and was appointed counsel for these proceedings. As noted, Howell has refunded unearned retainers to four of her former clients.

## II. ANALYSIS

Bar Counsel contends that the Trial Commissioner and Board erred in their disciplinary recommendations. The Trial Commissioner recommended that Howell be suspended for a period of one-hundred-and-eighty-one days, with ninety days to serve and the remaining ninety-one days probated for a period of two years upon the conditions that Howell: (1) continue her monitoring agreement with KYLAP; (2) obtain, at her expense, at least three CLE hours on law office management within twelve months of an order from this Court; (3) attend, at her expense, the next scheduled EPEP; and (4) make restitution in the amount of $1,500 to Bousso, $500 to Stogner, $247 to Rader, $2,950 to Crockett, and $2,000 to Vaughn, plus interest thereon at the rate of six percent per annum, calculated from July 1, 2016, to be paid within the two-year period of her probation.

The Board adopted the entirety of the Trial Commissioner's recommendation, with the exception of the court costs. The Trial Commissioner recommended Howell pay the costs associated with this proceeding in accordance with SCR 3.450. The Board stated in its opinion that as Howell proceeded *in forma pauperis*, this Court should determine whether

10

said costs should be assessed against and paid by Howell, as required by SCR 3.450.

Bar Counsel contends that the Trial Commissioner and Board erred in determining that Howell should be suspended for a period of one-hundred-and-eighty-one days, with ninety days to serve and the remaining ninety-one days probated for a period of two years upon conditions. We note that findings of fact by trial commissioners and the Board are merely advisory to this Court. SCR 3.360; *Kentucky Bar Association v. Jones*, 759 S.W.2d 61, 63 (Ky. 1988). "Final decisions of guilt and punishment can only be made by the Supreme Court, and it is done on the basis of a de novo consideration of pleadings and trial review." *Kentucky Bar Association v. Jacobs*, 387 S.W.3d 332, 337 (Ky. 2012) (quoting *Jones*, 759 S.W.2d at 63-64)). We now exercise this authority and disagree with the Board that its recommended sanction is adequate.

Bar Counsel argues that this recommended sanction adopted by the Board is not supported by substantial evidence and is clearly erroneous as a matter of law as required by SCR 3.370(5)(a)(1). It further contends that the suspension, which permits automatic reinstatement, unduly depreciates the seriousness of Howell's misconduct. We agree.

In mitigation, the Board considered testimony Howell offered as to her good character. Howell also offered testimony as to her struggles with anxiety, depression and alcohol addiction. Furthermore, she contended her gastric surgery and relationship issues played a role in her misconduct. We are not

11

persuaded that these factors merit a lesser sanction for Howell's numerous acts of misconduct.

In *Kentucky Bar Ass'n v. Thornton*, 392 S.W.3d 399 (Ky. 2013), this Court suspended Thornton from the practice of law for one hundred and eighty-one days to be continued until reinstatement pursuant to SCR 3.510. Amongst other charges, Thornton was found to have failed to provide competent representation, failed to act with reasonable diligence and promptness, and failed to keep a client reasonably informed about the status of the claim. In contrast to Howell's ten consolidated charges and thirty-one counts, *Thornton* addressed three charges and fourteen counts.[2]

In light of this Court's precedent, Howell's previous admonitions, and the current charges, we believe her reinstatement to practice law in the Commonwealth must be contingent upon the approval of the Character and Fitness Committee. Therefore, it is ordered that Howell shall be suspended for a period of one hundred and eighty-one days and said suspension shall continue until such time as she is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.[3]

Kentucky Supreme Court Rule 3.510(3) states:

> If the period of suspension has prevailed for more than 180 days, the matter shall be referred to the Character and Fitness Committee for proceedings under SCR 2.300. The Character and

---

[2] Thornton was found guilty of ten of these counts.

[3] SCR 3.510(1) states, in part, that "[n]o former member of the [Kentucky Bar] Association who has been suspended for a disciplinary case for more than one hundred eighty (180) days shall resume practice until he/she is reinstated by order of the Court."

Fitness Committee will determine whether the application of a member who has been suspended 180 days or less but whose termination of suspension has been objected to, or a member who has been suspended for more than 180 days, should be approved. The Character and Fitness Committee shall file with the Director and the Clerk the entire record, including a written report and recommendation by the Character and Fitness Committee. Thirty days after the filing of the report, Bar Counsel and the applicant may each file briefs, not to exceed 30 pages in length. No further briefs may be filed. Upon motion of the parties or upon the Board's own motion, oral arguments may be scheduled before the Board. The Board shall review the record, report and briefs and recommend approval or disapproval of the application to the Court. The Court may enter an order reinstating the Applicant to the practice of law or deny the application.

Furthermore, Howell filed *in forma pauperis* affidavits pursuant to SCR 3.300 and was appointed counsel. The Trial Commissioner recommended Howell pay the costs associated with this proceeding in accordance with SCR 3.450. However, the Board did not adopt this recommendation and stated that this Court should determine whether the costs of this proceeding ($6,725.93) should be assessed against and paid by Howell as she proceeded *in forma pauperis.*

As required by SCR 3.450:

2) Every final order of the Court which adjudges the Respondent guilty of unprofessional conduct *shall* provide for the recovery of costs, which shall include the costs and expenses that a prevailing party in a civil action may recover pursuant to CR 54.04, and such other costs, including postage, certified mailing fees, service of process fees, and videographer charges, as may be ordered by the Supreme Court.

(Emphasis added).

"In common or ordinary parlance, and in its ordinary signification, the term 'shall' is a word of command and . . . must be given a compulsory

13

meaning." Black's Law Dictionary 1233 (5th ed. 1979). This Court held in *Roberts v. Kentucky Bar Ass'n*, "[t]he word 'shall,' of course, denotes a mandate." 531 S.W.3d 15, 18 (Ky. 2017).

Therefore, the Board was mistaken when it stated that this Court should determine whether said costs should be assessed against and paid by Howell. We hold that Howell shall pay the costs of this proceeding.

## III.    CONCLUSION

The recommended one-hundred-eighty-one-day suspension, with ninety days to serve and ninety-one days probated for a period of two years, with conditions, is inadequate. Howell is suspended from the practice of law for one hundred and eighty-one days and this suspension shall continue until such time as she is reinstated.

## IV. ORDER

Therefore, it is ordered:

1. Appellee, Rachelle Nichole Howell, is suspended from the practice of law in Kentucky for a period of one-hundred-eighty-one days for her professional misconduct as set forth herein. The suspension shall commence on the date of entry of this order and shall continue until such time as she is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

2. During the pendency of her suspension, Howell shall continue her monitoring agreement with KYLAP.

14

3. Before seeking reinstatement to the practice of law, Howell shall obtain, at her expense, at least three hours of continuing legal education on topics relevant to law office management, she shall also attend, at her expense, the next scheduled (EPEP).

4. Howell shall immediately make refunds in the amount of $1,500 to Bousso, $500 to Stogner, $247 to Rader, $2,950 to Crockett, and $2,000 to Vaughn, plus interest thereon at the rate of six percent per annum, calculated from and after July 1, 2016.

5. If she has not already done so, pursuant to SCR 3.390, Howell shall promptly take all reasonable steps to protect the interests of her clients, including, within ten days after the issuance of this order, notifying by letter all clients of her inability to represent them and of the necessity and urgency of promptly retaining new counsel and notifying all courts or other tribunals in which Howell has matters pending. Howell shall simultaneously provide a copy of all such letters to the Office of Bar Counsel.

6. If she has not already done so, pursuant to SCR 3.390, Howell shall immediately cancel any pending advertisements; shall terminate any advertising activity for the duration of the term of suspension; and shall not allow her name to be used by a law firm in any manner until she is reinstated.

15

7. Pursuant to SCR 3.390, Howell shall not, during the term of suspension and until reinstatement, accept new clients or collect unearned fees.

8. In accordance with SCR 3.450, Howell is directed to pay the costs of this action in the amount of $6,725.93 for which execution may issue from this Court upon finality of this Opinion and Order.

Minton, C.J.; Hughes, Keller, Lambert, VanMeter and Wright, JJ., sitting. All concur.

ENTERED: March 14, 2019.

CHIEF JUSTICE

16