TO BE PUBLISHED



# $\mathfrak{Supreme\ Court\ of\ Kentucky}$

### 2019-SC-000677-KB

FINAL DATE 1/22/20
Hutcheson

ERIC SHANE GRINNELL          MOVANT

V.          IN SUPREME COURT

KENTUCKY BAR ASSOCIATION          RESPONDENT

## OPINION AND ORDER

Eric Shane Grinnell was admitted to the practice of law on April 20, 2011. His membership number is 94044, and his bar roster address is 108 Whispering Wood Drive, Richmond, Kentucky 40475.

Grinnell moves this Court to impose upon him a two-year suspension from the practice of law, with one year to serve and one year probated for two years with conditions set forth below. The Kentucky Bar Association (KBA) states no objection to Grinnell's motion, which was negotiated under SCR[1] 3.480(2). For the following reasons, this motion is granted.

## I. BACKGROUND

The current case spans fourteen consolidated KBA files and fifty-five counts. We address each in turn, reiterating the facts as set forth in our Opinion and Order dated February 20, 2020.[2]

---

[1] Rules of the Supreme Court.

[2] *Grinnell v. Kentucky Bar Association*, 2019-SC-000677-KB, 2020 WL 1302322 (Ky. Feb. 20, 2020).

## A. KBA File Number 23669

Michael Johnson hired Grinnell in April of 2014 to represent him in an Indiana custody matter and with related allegations made against Johnson and his girlfriend. Johnson paid Grinnell $5,300 for the representation. Johnson had difficulty getting Grinnell to file a motion for modification of custody, and repeatedly requested that Grinnell move forward with the motion.

Johnson eventually requested a refund of the unearned portion of his fee, and Grinnell offered to refund $3,800 on the condition Johnson sign a letter promising not to sue Grinnell. Johnson requested an accounting as to how the fee might have been earned, but Grinnell failed to produce one. When the KBA asked Grinnell to produce a copy of the client file, Grinnell provided only copies of draft documents and an unsigned, undated letter that he had purportedly sent to Johnson.

The Inquiry Commission filed a five-count charge against Grinnell for his misconduct in representing Johnson. The charge alleges the following violations: (1) SCR 3.130(1.3) (for failing to act with diligence and promptness in representing his client); (2) SCR 3.130(1.4)(a)(5) (for failing to consult with his client about any relevant limitation on his conduct); (3) SCR 3.130(1.5)(a) (for collecting a fee unreasonable for the services actually provided to his client); (4) SCR 3.130(1.16)(d) (for abandoning the representation and failing to return the unearned portion of the advanced fee after promising to do so); and (5) SCR 3.130(8.4)(c) (for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation by misrepresenting to Johnson that he could handle his case).

2

Grinnell admits his conduct violated SCR 3.130(1.3), SCR 3.130(1.5)(a), and SCR 3.310(1.16)(d), but moves this Court to dismiss Counts II (SCR 3.130(1.4)(a)(5)) and V (SCR 3.130(8.4)(c)). In these two Counts, the Inquiry Commission's Charge asserted that Grinnell was not licensed in Indiana and that Johnson had contacted the Indiana Bar Association and learned that Grinnell had never sought temporary admission in Indiana for his case. The Charge also states that Grinnell had charged Johnson extra for seeking admission in Indiana, but that Grinnell had not sought that admission. In his Motion for Suspension, Grinnell represents to this Court that he was in fact admitted in Indiana pro hac vice.

### B. KBA File Number 23757

Le Carol Mize paid Grinnell $1,500 to represent her in a divorce action in January 2014. Mize paid Grinnell an additional $3,000 in October 2014 but terminated the representation shortly thereafter. Mize stated that Grinnell gave her false information regarding her case, that he filed unnecessary emergency motions, that he failed to advise her of her court dates, and that he directed her to lie during a child support interview by saying she did not have an attorney. Mize requested a refund of her fees and a detailed invoice of services. Grinnell did not provide an invoice or refund any unearned fee.

The Inquiry Commission filed a two-count charge against Grinnell in Mize's case, alleging Grinnell violated: (1) SCR 3.130(1.5)(a) (for charging a fee unreasonable for services actually provided); and (2) SCR 3.130(1.16)(d) (for failing to return any portion of the unearned advanced fee payment). Grinnell admits to violating both rules as charged.

3

## C. KBA File 16-DIS-24251

Elizabeth Ann Griffin hired Grinnell to represent her in a divorce action on November 1, 2015, and paid Grinnell $3,000 by check. Griffin requested a copy of the fee contract that day but did not receive it. Grinnell advised Griffin that he would file an entry of appearance once her payment cleared and that he would meet with her again to obtain copies of relevant documents and decide how to proceed.

On November 8, Griffin advised Grinnell that she had all the relevant documents he requested. On November 13, Griffin again requested a copy of the fee contract, but Grinnell offered instead to send her an unsigned copy and provide the signed copy later. On November 17, she told Grinnell sufficient funds were available to cash the check she had given him for payment.

On December 1, 2, and 3, Griffin attempted to contact Grinnell for an update. When Grinnell finally called Griffin back, he stated he was at the courthouse and would call her back later that day. Grinnell did not call her back.

On December 7, Griffin spoke to Grinnell, and he claimed to have filed an entry of appearance, a motion for temporary child support, and a motion to change the date of a contested hearing scheduled for February 11. Griffin requested copies of the motions and again requested a copy of the fee contract, but Grinnell did not provide them.

On December 15, Griffin went to the clerk's office and requested copies of the filings in her case, only to be told nothing had been filed since the Order for a Contested Hearing had been entered on October 16. Griffin left Grinnell a

4

voicemail later that day but did not hear back. She attempted to contact Grinnell again on December 16 and sent him a certified letter on December 17.

Grinnell finally contacted Griffin on December 23 to tell her he was on his way to pick up her certified letter. Griffin was away from the phone, but her mother explained that Griffin wanted a refund of her $3,000 payment. Grinnell said he would set up a conference call for December 29, but Griffin never heard from him again.

The Inquiry Commission filed a five-count charge against Grinnell in Griffin's case, alleging the following violations: (1) SCR 3.130(1.3) (for failing to diligently provide the agreed upon legal services); (2) SCR 3.130(1.4)(a)(4) (for failing to promptly comply with a reasonable request for information); (3) SCR 3.130(1.5)(a) (for collecting a fee unreasonable for the services actually provided); (4) SCR 3.130(1.16)(d) (for failing to return any portion of the unearned advanced fee payment after termination of representation); and (5) SCR 3.130(8.4)(c) (for misrepresenting to the client the legal services he was actually providing her). Grinnell admits to all five rule violations.

### D. KBA File 16-DIS-0176

Matthew Stevenson hired Grinnell in May 2015 to represent him in a divorce action. Stevenson paid Grinnell $1,100. Grinnell filed the divorce petition on July 27, 2015. Stevenson did not hear much from Grinnell once the petition was filed, and Stevenson had trouble reaching Grinnell over the next few months. Stevenson eventually learned that Grinnell had moved to Richmond, Kentucky, and had closed his northern Kentucky office without providing notice to Stevenson.

5

Stevenson finally reached Grinnell to schedule a court date in June 2016. Stevenson was unable to reach Grinnell again from June 2016 until Stevenson filed a bar complaint on August 19, 2016.

Grinnell was personally served with a copy of the bar complaint on November 21, 2016 by the Madison County Sheriff's Office. Grinnell did not respond to the bar complaint despite receiving a notification through the Office of Bar Counsel that information regarding the complaint was needed and receiving a warning that failing to respond to that demand for information could result in additional charges.

The Inquiry Commission filed a four-count charge against Grinnell for his misconduct in representing Stevenson. The charge alleges the following violations: (1) SCR 3.130(1.3) (for failing to diligently and promptly represent his client); (2) SCR 3.130(1.4)(a)(4) (for failing to promptly respond to reasonable requests for information from his client); (3) SCR 3.130(1.16)(d) (for abandoning representation of his client with no notice, and for failing to return any unearned portion of the advanced fee payment upon termination of the representation); and (4) SCR 3.130(8.1)(b) (for failing to respond to a lawful demand for information from an admissions or disciplinary authority). Grinnell admits to all four of the rule violations.

**E. KBA File 17-DIS-0370**

Christy Whipple hired Grinnell in January 2017 and paid him $1,700 for his representation in her divorce. Grinnell filed the divorce petition in March 2017. Whipple requested information regarding her case from Grinnell, but he did not reasonably communicate with her or respond to her requests.

6

Whipple's last communication with Grinnell was in July 2017, and she filed her own divorce forms with the court, pro se, in September 2017.

Whipple filed a bar complaint against Grinnell in October 2017. Grinnell was served with the bar complaint by the Madison County Sheriff's Office on November 13, 2017, and again via service on the KBA Executive Director pursuant to SCR 3.175(2) on November 17, 2017. Grinnell did not respond to the complaint despite receiving a notification, through the Office of Bar Counsel, that information regarding the complaint was needed and receiving a warning that failing to respond to that demand for information could result in additional charges.

The Inquiry Commission filed a five-count charge against Grinnell for his misconduct in representing Whipple. The charge alleges the following violations: (1) SCR 3.130(1.3) (for failing to diligently represent his client); (2) SCR 3.130(1.4)(a)(2) (for failing to consult with his client about accomplishing her objectives in the divorce case); (3) SCR 3.130(1.4)(a)(4) (for failing to respond to his client's reasonable requests for information); (4) SCR 3.130(1.16)(d) (for abandoning representation of his client with no notice, and for failing to refund the unearned portion of the advanced fee payment upon termination of representation); and (5) SCR 3.130(8.1)(b) (for knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority). Grinnell admits to all five of the rule violations.

### F. KBA File 17-DIS-0425

Amy Crowder hired Grinnell in March 2017 and paid him $500 for representation in an uncontested divorce action. Grinnell did little, if anything,

7

to advance Crowder's case until she provided him with a Notice to Dismiss for Lack of Prosecution issued by the court on May 1, 2017. Upon receipt of the Notice, Grinnell called the court, and an Order to Remain on the Docket was entered on May 24, 2017.

Crowder provided Grinnell with all the relevant documents she had in her case and attempted to obtain information from Grinnell regarding her case. Grinnell did not provide Crowder with any information and did not reasonably respond to her requests. Grinnell did not file or prepare any documents in the case or provide Crowder any legal advice. Crowder's divorce was finalized on February 14, 2018, after she filed her own Motion to Submit the matter to the court.

The Inquiry Commission filed a four-count charge against Grinnell for his misconduct in representing Crowder. The charge alleges the following rule violations: (1) SCR 3.130(1.3) (for failing to act with reasonable diligence and promptness in representing his client); (2) SCR 3.130(1.4)(a)(3) (for failing to keep his client reasonably informed about the status of her pending case); (3) SCR 3.130(1.4)(a)(4) (for failing to promptly comply with reasonable requests for information from his client); and (4) SCR 3.130(1.16)(d) (for failing to refund the unearned portion of the advanced fee payment upon termination of representation). Grinnell admits to all four of the rule violations.

### G. KBA File 17-DIS-0258

Terry Whitney hired Grinnell in April 2016 and paid him $1,000 for representation in a divorce action. Grinnell later asked for an additional $200 filing fee, which Whitney paid. From April to June 2016, Whitney tried

8

unsuccessfully to get an update on the matter from Grinnell. Grinnell finally filed a petition for dissolution of marriage in August 2016. Whitney asked Grinnell to advance the divorce matter several times and to update the court with Whitney's new address in Florida, but Grinnell did neither.

Grinnell filed nothing else in the case after the initial petition, and Whitney was left to file a pro se Motion and Order for Final Decree in his case. The court then set the matter for a Case Management Conference in August 2019, but because Grinnell had not advised the court of Whitney's new address, Whitney never received the court's order, and he missed the court date.

Whitney filed a bar complaint against Grinnell in July 2017. Grinnell was served with the bar complaint by the Madison County Sheriff's Office on August 23, 2017, as well as a letter, from the Office of Bar Counsel, requesting more information regarding the complaint and advising him that failure to respond to the request could result in additional charges of misconduct. Grinnell did not respond to the bar complaint.

The Inquiry Commission filed a five-count charge against Grinnell for his misconduct in representing Whitney. The charge alleges the following rule violations: (1) SCR 3.130(1.3) (for failing to act with reasonable diligence and promptness in representing his client); (2) SCR 3.130(1.4)(a)(2) (for failing to consult with his client about his objectives in the case); (3) SCR 3.130(1.4)(a)(4) (for failing to promptly comply with his client's reasonable request for information); (4) SCR 3.130(1.16)(d) (for abandoning representation of his client with no notice, and for failing to refund the unearned portion of the advanced

9

fee payment upon termination of representation); and (5) SCR 3.130(8.1)(b) (for knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority). Grinnell admits to all five of the rule violations.

### H. KBA File 18-DIS-0055

Samuel Stokley hired Grinnell in July 2017 and paid him $2,000 to represent him in a divorce action. In August 2017, Stokley asked Grinnell if he had filed a Motion to Obtain a Contribution toward the maintenance of the residence Stokley had shared with his wife. Grinnell told Stokley that he had filed the motion and that the hearing was set for September 8, 2017. Grinnell provided Stokley with an unsigned copy of a motion.

Stokley, having his doubts about Grinnell's representation, contacted another attorney. The new attorney discovered nothing had been filed in the divorce matter since March 2017 and that Grinnell had not filed anything in the case. Stokley then met with Grinnell—who could not provide an explanation for his failing to file anything in the case—and requested a refund of his $2,000 fee. Grinnell did not refund any portion of the fee.

The Inquiry Commission filed a three-count charge against Grinnell for his misconduct in representing Stokley. The charge alleges the following rule violations: (1) SCR 3.130(1.3) (for failing to act with reasonable diligence and promptness in representing his client); (2) SCR 3.130(1.16)(d) (for failing to refund any unearned portion of the advanced fee payment upon termination of representation); and (3) SCR 3.130(8.4)(c) (for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation by misleading his client that a

10

motion had been filed and that the client's interests were being advanced in the case). Grinnell admits to all three of the rule violations.

## I. KBA File 18-DIS-0178

Rhonda Honaker hired Grinnell in 2017 to represent her in a divorce action and in April 2017 paid him $3,090. Grinnell advised Honaker that he would have matters completed by December 2017. Grinnell did not file any documents on behalf of Honaker and has provided no evidence that he completed any work in her case. Honaker filed a bar complaint against Grinnell. Grinnell was served with the bar complaint by the Madison County Sheriff's Office on August 2, 2018 along with a letter, through the Office of Bar Counsel, requesting more information regarding the complaint and advising him that failure to respond to the request could result in additional charges of misconduct. Grinnell did not respond to the complaint.

The Inquiry Commission filed a five-count charge against Grinnell for his misconduct in representing Honaker. The charge alleges the following rule violations: (1) SCR 3.130(1.3) (for failing to act with reasonable diligence and promptness in representing his client); (2) SCR 3.130(1.4)(a)(3) (for failing to keep his client reasonably informed about her pending matter); (3) SCR 3.130(1.4)(a)(4) (for failing to promptly comply with a reasonable request for information from his client); (4) SCR 3.130(1.16)(d) (for failing to refund the unearned portion of the advanced fee payment upon termination of the representation); and (5) SCR 3.130(8.1)(b) (for failing to respond to a lawful demand for information from an admissions or disciplinary authority). Grinnell admits to all five of the rule violations.

11

### J. KBA File 18-DIS-0232

Krystal Fast hired Grinnell in May 2017 and paid him $2,500 for his representation in getting full custody of her daughter. Grinnell filed a motion for shared parenting, but the representation was terminated shortly thereafter. Grinnell agreed to refund the unearned fee of $1,800, but he never did.

Fast filed a bar complaint in August 2018. Grinnell was served with the complaint, as well as a letter advising him that a failure to respond to the complaint could result in an additional charge of misconduct, by the Madison County Sheriff's Office on September 18, 2018. Grinnell did not respond to the complaint.

The Inquiry Commission filed a three-count charge against Grinnell for his misconduct in representing Fast. The charge alleges the following violations: (1) SCR 3.130(1.4)(a)(4) (for failing to promptly reply to Fast's requests to refund the unearned fee); (2) SCR 3.130(1.16)(d) (for failing to refund the unearned portion of the advanced fee payment upon termination of the representation); and (3) SCR 3.130(8.1)(b) (for failing to respond to lawful demand for information from an admissions or disciplinary authority). Grinnell admits to all three rule violations.

### K. KBA File 18-DIS-0269

Grinnell represented Nicholas DiTucci in a dissolution of marriage action in Kenton County between August 26, 2015 and April 28, 2017. DiTucci paid Grinnell $1,250 for the representation. In May 2018, DiTucci contacted Grinnell to represent him in order to modify custody and visitation. Grinnell quoted a fee of $2,000, which DiTucci paid. On July 16, 2018, DiTucci

12

informed Grinnell that he and his ex-wife had come to an agreement, and he would therefore not need Grinnell's services. Grinnell stated that he would need a few weeks to process a refund of the unearned fee, but he never returned the fee.

In November 2018, DiTucci filed a bar complaint against Grinnell. In Grinnell's response to the complaint, he stated that the $2,000 fee he received from DiTucci in May 2018 was for an outstanding balance that DiTucci owed from the previous representation that ended in April 2017. DiTucci, however, was never informed that the $2,000 was for any outstanding balance, and Grinnell had never tried to collect any outstanding balance between April 2017 and May 2018. Instead, the $2,000 fee was quoted for the post-decree representation.

The Inquiry Commission filed a three-count charge against Grinnell for his misconduct in representing DiTucci. The charge alleges the following violations: (1) SCR 3.130(1.4)(b) (for failing to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation when Grinnell told his client the quoted fee was for the post-decree representation, and failed to explain the fee was for an outstanding balance from the previous representation); (2) SCR 3.130(1.5)(b) (for failing to communicate with his client that the basis for a quoted fee was for an outstanding balance of a previous representation and, instead, telling his client the fee was for his current representation); and (3) SCR 2.130(1.16)(d) (for failing to return the unearned portion of an advanced fee when he was told his

13

services were not needed and when he told his client he would refund the fee). Grinnell admits to all three rule violations.

**L. KBA File 18-DIS-0291**

Pamela Leirey hired Grinnell in a custody matter in Kenton Circuit Court in April 2017. Leirey paid Grinnell $3,500 for the representation. Grinnell filed a Response to a Verified Petition for Custody and Support in May 2017, and, on July 14, 2017, he made one court appearance on a Motion for Temporary Joint Custody and Shared Parenting and Visitation.

After this appearance, Leirey requested that Grinnell file motions on her behalf regarding holiday visitation, medical expenses for her child, weekend visitation, and to schedule mediation between the parties. Grinnell did not file any of these motions, and he did not respond when Leirey sent him emails about the motions. In March 2018, Leirey met with Grinnell and left paperwork necessary for Grinnell to file the motions on her behalf. Because Grinnell took no action, Leirey met with the Kenton County Attorney, who filed a Request for Production of Documents and a Motion for Modification of Child Support and Notice of Pre-Trial Conference for her.

In September 2018, Leirey contacted Grinnell to terminate his representation. Because he did not return her call, she sent him an email two days later terminating the representation and requesting he return her file and unearned fee. Grinnell did not return the file or the unearned fee.

The Inquiry Commission filed a four-count charge against Grinnell for his misconduct in representing Leirey. The charge alleges the following violations: (1) SCR 3.130(1.2)(a) (for failing to abide by the client's decisions to

14

file motions and other pleadings that she requested he prepare and file); (2) SCR 3.130(1.3) (for failing to act with reasonable diligence and promptness in representing his client); (3) SCR 3.130(1.4)(a)(4) (for failing to promptly comply with reasonable requests for information from his client); and (4) SCR 3.130(1.16)(d) (for failing to return his client's file and unearned fee upon termination of his representation). Grinnell admits to all four rule violations.

## M. KBA File 18-DIS-0330

Christopher Lewis hired Grinnell in September 2018 to represent him in a child custody and child support case in Jessamine County. Lewis paid Grinnell $2,500 for the representation. Grinnell made one court appearance on behalf of Mr. Lewis in September 2018, where the matter was continued by agreement to October 24, 2018. The judge cancelled court that day and reset the case for October 31, 2018. On that day, Lewis was in court, but Grinnell failed to appear, and the matter was continued until November 7, 2018. Grinnell again failed to appear on November 7, and the matter was again continued to November 21, 2018. Grinnell failed to appear on that date as well. At this final hearing, Lewis explained to the judge that Grinnell had not responded to any of his text messages. Grinnell had never contacted the Circuit Court Clerk or Lewis to find out when the court dates were scheduled. Lewis terminated the representation soon after.

The Inquiry Commission filed a three-count charge against Grinnell for his misconduct in representing Lewis. The charge alleges the following violations: (1) SCR 3.130(1.3) (for failing to act with reasonable diligence and promptness in representing a client); (2) SCR 3.130(1.4)(a)(4) (for failing to

15

promptly comply with his client's reasonable requests for information); and (3) SCR 3.130(1.16)(d) (for failing to return the unearned portion of an advanced fee upon termination of the representation). Grinnell admits to all three rule violations.

## N. KBA File 19-DIS-0101

Stephanie Jackson hired Grinnell in July 2018 to represent her in a divorce action in Fayette County. Jackson paid Grinnell $1,150 for the representation. Grinnell filed a Response to the Petition for Dissolution and a Motion for Enlargement of Time in July 2018 but took no other action in the case. Grinnell did not communicate the basis or rate of his fee or return any of Jackson's calls about the status of her case. Jackson terminated the representation in April 2019, and Grinnell has not returned the unearned portion of her fee.

The Inquiry Commission filed a four-count charge against Grinnell for his misconduct in representing Jackson. The charge alleges the following violations: (1) SCR 3.130(1.3) (for failing to act with reasonable diligence and promptness in representing his client); (2) SCR 3.130(1.4)(a)(4) (for failing to comply with his client's reasonable requests for information); (3) SCR 3.130(1.5)(b) (for failing to communicate to his client the basis or rate of his fee); and (4) SCR 3.130(1.16)(d) (for failing to return the unearned portion of an advanced fee when the representation was terminated). Grinnell admits to all four rule violations.

16

## O. Grinnell's Disciplinary Record

Grinnell's disciplinary record includes four previous private admonitions. Grinnell received his first private admonition with conditions in January 2017 for failing to act with reasonable diligence and promptness in representing the client, failing to comply with the client's reasonable request for information, and for failing to deposit a fee payment into an escrow account. As a condition of this private admonition, he was required to refund the full advanced payment to the client. Grinnell received his second private admonition in December 2017 for failing to respond to a lawful demand for information from an admissions or disciplinary authority. Grinnell next received a private admonition in November 2018 for failing to communicate properly with a client and inform the client of a court's ruling in his case and for failing to respond to a lawful demand for information from an admissions or disciplinary authority. Finally, Grinnell received a private admonition in November 2019 for failing to comply promptly with a client's reasonable request for information.

## II. ANALYSIS

Grinnell moves this Court to enter an order suspending him from the practice of law for two years with one year to serve and one year probated for two years with the following conditions: Grinnell must attend the next scheduled Ethics and Professionalism Enhancement Program (EPEP) offered by the Office of Bar Counsel; he will not incur any further charges of professional misconduct in the Commonwealth of Kentucky; he will enroll in the Kentucky Lawyer Assistance Program (KYLAP) to address his anxiety and depression; within one year he will attend a law office management course; and within two

17

years he will pay back all of the unearned fees to his clients. Grinnell also moves this Court to dismiss Counts II and V of KBA File 23669.

The KBA states no objection to Grinnell's motion and recommends that we impose the discipline Grinnell seeks, which was negotiated under SCR 3.480(2). As mitigation, Grinnell states that he suffers from anxiety and depression because of family matters and agrees, as part of the negotiated discipline above, to seek professional help with KYLAP.

We agree that the negotiated discipline in this case is appropriate for Grinnell's misconduct. We previously rejected Grinnell's motion for imposition of a one-year suspension with 180 days to serve and 185 days probated for two years with conditions. We distinguished Grinnell's case from this Court's recent opinion in *Kentucky Bar Association v. Howell.*[3] In that case, Howell was found to have committed similar ethical violations as Grinnell but faced only ten consolidated charges and thirty-one counts of misconduct.[4] Howell also had three prior admonitions.[5] We suspended Howell for 181 days and ordered her to refund a total of $7,197 to five clients. Under SCR 3.510(3),[6] Howell will not

---

[3] 568 S.W.3d 857 (Ky. 2019).

[4] *Id.* at 863.

[5] *Id.* at 858.

[6] SCR 3.510(3) provides the following:

If the period of suspension has prevailed for more than 180 days, the matter shall be referred to the Character and Fitness Committee for proceedings under SCR 2.300. The Character and Fitness Committee will determine whether the application of a member who has been suspended 180 days or less but whose termination of suspension has been objected to, or a member who has been suspended for more than 180 days, should be approved. The Character and Fitness Committee shall file with the Director and the Clerk the entire record, including a written report and recommendation by the Character and Fitness Committee. Thirty days after the filing of the report, Bar Counsel and the applicant may

be reinstated to the practice of law until she is first approved by the Character and Fitness Committee, the KBA considers her case and makes a recommendation to this Court, and finally, this Court approves her application for reinstatement to the practice of law.

By contrast, Grinnell faces fourteen charges and fifty-five counts of misconduct and will be required to refund a total of $26,440 to fourteen clients. Grinnell also has four prior private admonitions. Under the previously proposed negotiated sanction in this case, Grinnell would be automatically reinstated to the practice of law at the end of his 180-day suspension, per SCR 3.510(2), if the Bar Counsel does not file an objection.[7]

Given that Grinnell's violations were both more numerous and caused greater economic harm to his clients, we found *Howell* distinguishable from the

---

each file briefs, not to exceed 30 pages in length. No further briefs may be filed. Upon motion of the parties or upon the Board's own motion, oral arguments may be scheduled before the Board. The Board shall review the record, report and briefs and recommend approval or disapproval of the application to the Court. The Court may enter an order reinstating the Applicant to the practice of law or deny the application.

[7] SCR 3.510(2) provides the following in relevant part:

If the period of suspension has prevailed for 180 days or less, the suspension shall expire by its own terms upon the filing with the Clerk and Bar Counsel of an affidavit of compliance with the terms of the suspension, which must include a certification from the CLE Commission that the Applicant has complied with SCR 3.685. The Registrar of the Association will make an appropriate entry in the records of the Association reflecting that the member has been reinstated; provided, however, that such suspension shall not expire by its own terms if, not later than 10 days preceding the time the suspension would expire, Bar Counsel files with the Inquiry Commission an opposition to the termination of suspension wherein Bar Counsel details such information as may exist to indicate that the member does not, at that time, possess sufficient professional capabilities and qualifications properly to serve the public as an active practitioner or is not of good moral character.

present case and rejected the negotiated discipline of Grinnell that was less than that imposed in *Howell.* However, under the current negotiated discipline, Grinnell will be required to go through the process outlined in SCR 3.510(3) including being approved by the Character and Fitness Committee and this Court, he will receive help with the anxiety and depression that contributed to his misconduct, and his clients will be made whole by the reimbursement of unearned fees.

As such, we find the negotiated sanction in this case to be appropriate.

## III. CONCLUSION

For the reasons stated herein, this Court concludes that Grinnell is guilty of all professional misconduct as alleged in all fourteen charges except Counts II and V of KBA File 23669. The Court further concludes that the negotiated sanction is appropriate.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Eric Shane Grinnell, being guilty of professional misconduct as described above, is suspended from the practice of law for two years with one year to serve and one year probated for two years on the following conditions:

    a. Grinnell must attend, at his expense, the next scheduled Ethics and Professionalism Enhancement Program (EPEP) offered by the Office of Bar Counsel, separate and apart from his fulfillment of any other continuing legal education requirement. Grinnell will not apply for CLE credit of any kind for this program.

20

b. For the next two years, Grinnell must not receive any further charges of professional misconduct in the Commonwealth of Kentucky, as issued by the Inquiry Commission.

c. Within ten days of entry of this Order, Grinnell must contact KYLAP to schedule an assessment, complete the assessment as directed by KYLAP, and thereafter follow all recommendations made by KYLAP. In addition, Grinnell must sign an authorization allowing the KBA to review his records held by KYLAP and any mental health professionals. Grinnell must provide quarterly reports with the KBA, and state whether he is complying with the terms and conditions set by KYLAP to help with his anxiety and depression.

d. Within one year of entry of this Order, Grinnell must attend, at his expense, a law office management course and certify to the KBA his attendance at and successful completion of the course. This shall be separate and apart from his fulfillment of any other continuing legal education requirement. Grinnell will not apply for CLE credit of any kind for this program.

e. Grinnell must refund the following unearned fees to his clients within the next two years from the date of entry of this Order, and must provide proof of payment to the Office of Bar Counsel:

    i. Michael Johnson: $3,800.00

    ii. Le Carol Mize: $3,500.00

    iii. Elizabeth Ann Griffin: $3,000.00

21

iv. Matthew Stevenson: $600.00

v. Christy Whipple: $1,200.00

vi. Amy Crowder: $300.00

vii. Terry Whitney: $500.00

viii. Samuel Stokley: $2,000.00

ix. Ronda Honaker: $3,090.00

x. Krystal Fast: $1,800.00

xi. Nicholas DiTucci: $2,000.00

xii. Pamela Leirey: $2,500.00

xiii. Christopher Lewis: $1,500.00

xiv. Stephanie Jackson: $650.00

2. The period of suspension shall commence on the date of entry of this Order and shall continue until such time as Grinnell is reinstated to the practice of law by Order of this Court pursuant to SCR 3.510.

3. Grinnell must pay all costs associated with the investigation and prosecution of this proceeding, pursuant to SCR 3.370.

4. If Grinnell violates any of the terms of his probation stated in this Order, the Kentucky Bar Association may move this Court to issue a Show Cause Order requiring Grinnell to provide a legal reason, if he has any, why the one-year suspended sentence should not be imposed. If, at the expiration of the probationary period of two years, Grinnell has fully complied with the above terms, all terms of Grinnell's probation shall be terminated.

5. If he has not already done so, pursuant to SCR 3.390, Grinnell shall promptly take all reasonable steps to protect the interests of his clients, including, within ten days after the issuance of this Order, notifying by letter all clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel and notifying all courts or other tribunals in which Grinnell has matters pending. Grinnell shall simultaneously provide a copy of all such letters to the Office of Bar Counsel.

6. If he has not already done so, pursuant to SCR 3.390, Grinnell shall immediately cancel any pending advertisements; shall terminate any advertising activity for the duration of the term of suspension; and shall not allow his name to be used by a law firm in any manner until he is reinstated.

7. Pursuant to SCR 3.390, Grinnell shall not, during the term of suspension and until reinstatement, accept new clients or collect unearned fees.

8. Counts II and V of KBA File 23669 are dismissed.

All sitting. All concur.

ENTERED: July 9, 2020.

_____
CHIEF JUSTICE

23